DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION and Wal–Mart Stores, Inc., t/a Sam's Club #6630, Appellees Below, Appellants,

v.

Larry NEWSOME, Gil Thompson and Rob Carter, Appellants Below, Appellees.

No. 309, 1995.

Supreme Court of Delaware.

Submitted: May 7, 1996.

Decided: June 7, 1996.

Rehearing Denied July 11, 1996.

Harry K.F. Terry, of Terry, Terry & Speakman, Dover, for appellants.

Noel E. Primos, of Schmittinger & Rodriguez, Dover, for appellees.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ. (constituting the Court en Banc).

HOLLAND, Justice: for the majority.

This is an appeal from a final judgment of the Superior Court. That judgment reversed a decision of the Alcoholic Beverage Control Commission ("Commission"). The Commission had granted the application of the appellant, Wal–Mart Stores, Inc., t/a Sam's Club # 6330 ("Sam's"), for a package store license to sell alcoholic beverages for off-premises consumption at 1572 North duPont Highway, Dover, Delaware. The appellees, Larry Newsome, Gil Thompson and Rob Carter ("Protesters"), are several area liquor store owners who oppose the application.

Delaware prohibits the sale of alcoholic beverages on the premises of a grocery store. 4 Del.C. § 516(a). The Superior Court concluded that Sam's application was within the scope of that statutory prohibition. On that basis, the Superior Court reversed the decision of the Commission to grant the license to Sam's.

Sam's has raised two contentions in this appeal. First, Sam's argues that the Superior Court erred in concluding that its warehouse was a grocery store. Alternatively, Sam contends that the Superior Court erred in ruling that it had applied for a license to sell alcoholic beverages on its grocery store (warehouse) premises.

This Court has determined that the Superior Court properly concluded that Sam's warehouse is a grocery store. Conversely, this Court has concluded that Sam's did not apply for a license to sell alcoholic beverages on its grocery store (warehouse) premises. Accordingly, the judgment of the Superior Court is reversed.

### Facts

On January 30, 1992, Sam's filed an application to locate a 1500–square foot package store in front of its existing warehouse store. Both are located on a 21–acre parcel of land, along with a Wal–Mart store. The land is located west of Route 13, on the north side of Dover.

In response to Sam's application, the Commission received a protest from several area liquor store owners. It conducted a hearing on July 23, 1992. The Commission concluded that the new package store proposed by Sam's would serve the public need and convenience. On October 29, 1992, the Commission granted Sam's application to sell alcoholic beverages for off-premises consumption.

The Protesters appealed the Commission's decision to the Superior Court. On June 14, 1993, the Superior Court remanded the matter to the Commission for further findings of fact. Inter alia, the Commission was directed to determine whether Sam's was an appropriate applicant for a liquor license.

On August 12, 1993, the Commission issued an opinion in which it summarized the

prior evidence and made additional findings of fact, in pertinent part, as follows:

14. The package store for off-premises consumption, if the application is granted, will have a separate facility in the front of the building with a separate entrance from Sam's Club [warehouse] as required by Commission rules.

\* \* \* \* \* \*

18. Although there will be a common wall with Sam's other buildings, there will be no entrance from the existing Sam's Club [warehouse] with over 1500 square feet of floor space in compliance with the Commission rules.

19. The package store will not be a grocery store but a *bona fide* package store for off-premises consumption approved by the Enforcement Section.

The Commission concluded that "Sam's is a proper applicant for a package store license and is not a grocery store which would otherwise operate in contravention of the Liquor Control Act." The Protesters again appealed to the Superior Court. The Commission's decision was reversed.

### *Grocery Store Defined Liquor License Prohibition*

For almost fifty years, it has been unlawful in Delaware for any owner, lessee or manager conducting a grocery store, delicatessen or cigar store to sell or dispense alcoholic liquors on its premises. 42 *Del. Laws* c. 186. The present statute states, in pertinent part:

§ 516. **Consumption off premises of hotel, restaurant, club, store or taproom.**

(a) Any person in charge of a hotel, restaurant, club or store *(other than a grocery,* delicatessen or cigar *store),* whether owner, lessee or manager, and recognized as such by the Commission, may apply to the Commission for a license to purchase and to keep and sell and deliver on the premises only spirits, wine or beer by the bottle or half bottle only, but not for consumption on the premises where sold, or in any dependency thereof.

4 *Del. C.* § 516(a) (emphasis added).

Sam's argues that it is not a grocery store, but rather a "no-frills, working warehouse." Sam's presented evidence that it carries over three thousand brand-name items, including office supplies, appliances, home furnishings, clothing and jewelry. Sam's argues that a grocery store does not have this type of inventory. Nevertheless, Sam's acknowledges that food items comprise the bulk of its sales.

The term "grocery store" is not defined by statute. Undefined terms in a statute are construed according to their common and approved usage. *Moore v. Wilmington Housing Authority,* Del.Supr., 619 A.2d 1166, 1173 (1993). A "grocery" is defined as "the place of business of a retail grocer."[1] "Grocer" is defined as a "dealer in staple foodstuffs (as coffee, sugar, flour) and usually meats and other foods (as fruits, vegetables, dairy products) and any household supplies (as soap, matches, paper napkins)."[2]

The Superior Court concluded the fact that Sam's is unlike a traditional corner grocery store is not determinative of its legal status. For purposes of the statutory prohibition, the Superior Court construed the word "grocery" according to its ordinary and common meaning. The Superior Court held that a store such as Sam's, which sells mostly food items for take-home personal use, is a grocery store.

The Superior Court properly decided to attribute the commonly understood meaning to the word "grocery." The Superior Court's conclusion that Sam's warehouse is a grocery store is supported by the record. Accordingly, the Superior Court's ruling that Sam's warehouse is a grocery store was the product of a logical and deductive reasoning process.

---

1. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1001 (1981).

2. *Id.*

### Grocery Store Prohibition
### Premises Not Status Controls

The Superior Court then held that the Commission erred, as a matter of law, when it permitted Sam's to apply for a package store license. In explaining its holding, the Superior Court stated that: "the license issued to Sam's contravenes the clear legislative intent expressed in 4 *Del. C.* § 516(a) to exclude grocery stores as eligible licensees." The relevant portion of the statute reads as follows:

> (a) Any person in charge of a . . . store (other than a grocery . . . store), . . . may apply . . . for a license to purchase and to keep and sell and deliver *on the premises only* spirits, wine or beer. . . .

4 *Del.C.* § 516(a) (emphasis added).

Sam's argues the words "on the premises only" mean that no person conducting a grocery store business may apply for a license to sell *alcohol on the premises* of said grocery store. Thus, Sam's contends, a person conducting a grocery store business is not prohibited *per se* from applying for a package store license on premises other than the grocery store premises. In support of its position, Sam's relies upon *United Cigar–Whelan Stores Corp. v. Delaware Liquor Commission*, Del.Gen.Sess., 15 A.2d 442 (1940).

In *United Cigar*, the issue addressed in the context of a predecessor statute was whether cigar store owners were, as a class, prohibited *per se* from obtaining a license for a package store:

> Now the question to be determined is whether the legislature intended to prohibit a lessee conducting a cigar store from selling or dispensing alcoholic liquor anywhere in the State of Delaware, or whether the sale or dispensing of such liquor was intended to be prohibited solely in the cigar stores so conducted by said lessee. If it was intended that the prohibition of sale should be state-wide in character it is very difficult, if not quite impossible, to attribute any reasonable meaning to be given to the qualifying word "conducting."

*Id.* at 445.

■ The present statute precludes the sale of alcoholic beverages on the same premises by a grocery store, delicatessen, or cigar store. Although the word "conducting" has been replaced by the phrase "in charge of," the *ratio decidendi* in *United Cigar* remains persuasive. This Court holds that any person in charge of a grocery store, delicatessen, or cigar store is not statutorily prohibited *per se* from acquiring a license to sell alcoholic beverages on a different premises.

### Grocery Premises Defined
### Liquor License Prohibition

Consequently, the definitive issue in this case is what constitutes the prohibited premises, i.e., does Sam's intend to sell alcoholic beverages on the premises of its grocery store or on another premises. The Superior Court ruled that the "Commission cannot, under the guise of its administrative authority, include a grocery store such as Sam's within the eligible class of licensees for off-premises licenses by drawing an artificial distinction between the package store and Sam's itself." The Superior Court's characterization of the separation between Sam's warehouse and package store as "artificial" is attributable to the fact that the parties did not provide the Superior Court with the Commission's definition of the word "premises."

Although the word "premises" is not defined by statute, it is defined in the rules [3] of the Commission, as follows:

> "Premises" shall mean the building or buildings identified by a single address number or lease space number, to which a license to sell alcoholic liquors for consumption "on" or "off" has been issued by the Commission, but shall not include the surrounding grounds, parking lot, ancillary structures, contiguous water, still or moving, or piers, floating docks or buildings, patios covered or uncovered, or any other structure, modular or mobile home attached or connected to the licensed establishment by electrical, water, sewer or heating/air conditioning systems.

The Commission carefully considered the physical layout of the package store "premis-

---

**3.** Delaware Alcoholic Beverage Control Commis-   sion Rule 42.1(B)(1).

es" it was being asked to license. The Commission concluded that granting Sam's application would not result in the sale of alcohol on the premises of a grocery store, *i.e.*, Sam's warehouse. The Commission made the following findings of fact:

— The package store for off premises consumption, if the application is granted, will have a separate facility in the front of the building with a separate entrance from Sam's Club as required by Commission rules.

— The size of the package store shall be 17 feet wide by 90 feet long as depicted on the floor plan approved by the Enforcement Section, Agent James McNair of the Division of Alcoholic Beverage Control.

— Although there will be a common wall with Sam's other buildings, there will be no entrance from the existing Sam's Club with over 1500 square feet of floor space in compliance with Commission rules.

— Agent McNair determined that the General Provisions application to all licensees including, but not limited to, the hours of operation, an accurate floor plan, proper storage facilities, the requirement that no connecting door be located between licensed and unlicensed premises, proper retail license and approved name have been fully complied with by Sam's.

— The building plans submitted by Sam's as well as the changes documented in the letter dated July 29, 1993 have been approved by the Division of Alcoholic Beverage Control.

— The public shall be able to patronize Sam's package store and no membership cards will be required for patrons.

— The package store will not be a grocery store but a *bona fide* package store for off-premises consumption approved by the Enforcement Section.

■ On appeal from a decision of the Alcoholic Beverage Control Commission, the reviewing court must examine the record to determine whether or not the Commission's findings are based on substantial evidence. *Delaware Alcoholic Beverage Control Commission v. Alfred I. duPont School Dist.,* Del.Supr., 385 A.2d 1123, 1125 (1978); *Down Under, Ltd. v. Delaware Alcoholic Beverage Control Commission,* Del.Super., 576 A.2d 675, 681 (1989); 4 *Del.C.* § 541(c). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Oceanport Ind., Inc. v. Wilmington Stevedores, Inc.,* Del. Supr., 636 A.2d 892, 899 (1994). The appellate court does not weigh the evidence, resolve questions of credibility, or make its own factual findings. *Johnson v. Chrysler Corp,* Del.Supr., 59 Del. 48, 213 A.2d 64, 66 (1965). It merely determines if the evidence is legally adequate to support the agency's factual findings. 29 *Del.C.* § 10142(d).[4]

■ The physical layout of Sam's package store and the Sam's warehouse facility is similar to that of many shopping centers, where different mercantile activities are separated by party walls. The record evidence is legally adequate to support the Commission's ultimate factual finding that granting Sam's application would not result in the sale of alcoholic beverages on the premises of a grocery store.

### Conclusion

The Commission's decision to grant Sam's application should have been affirmed. The judgment of the Superior Court is reversed.

HARTNETT, Justice, dissenting:

I disagree with the majority's conclusion that the area used by Sam's Club as a retail store for the sale of alcoholic beverages is not a part of the premises of Sam's Club, a grocery store. I therefore must dissent.

As the majority states at page 908: "For almost fifty years, it has been unlawful in Delaware for any owner, lessee or manager conducting a grocery store ... to sell or disperse alcoholic liquors on its premises." The critical word is "premises" and I agree

---

4. The Commission's proceedings and any appeals therefrom are governed by the Administrative Procedures Act. 29 *Del.C.* § 10161(a)(1). The Act specifies that this Court's role is limited to determine whether the Commission's decision was supported by substantial evidence on the record. 29 *Del.C.* § 10142(d).

with the holding of the Superior Court that "[b]ecause the undisputed record shows that Sam's is primarily a dealer in staple foodstuffs and household supplies, the Commission erred as a matter of law when it concluded from the evidence before it that Sam's is a proper applicant for a package store license on its premises." As aptly stated by the Superior Court, "[t]he Commission cannot, under the guise of its administrative authority, include a grocery store such as Sam's within the eligible class of licensees for off-premises licenses by drawing an artificial distinction between the package store and Sam's itself."

The decision of the Commission necessarily required it to construe the word "premises" as it appears in 4 *Del.C.* § 516(a) (quoted on page 908). That was a decision of law reviewable *de novo* by both the Superior Court and this Court. An administrative agency cannot amend, alter or enlarge a legislative enactment. *See Ruby Construction Co. v. Dept. of Revenue*, Ky.Ct.App., 578 S.W.2d 248 (1978); *Trump–Equitable Fifth Ave. Co. v. Gliedman*, N.Y.Ct.App., 57 N.Y.2d 588, 457 N.Y.S.2d 466, 443 N.E.2d 940 (1982).

1 *Del.C.* § 303 states:

"Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language ... "

"Premises" has been defined as: "A piece of real estate, a house or building and its land." Webster's New Twentieth Century Dictionary (2d ed. 1965).

The undisputed facts show that Sam's Club is but one premises and it is being used as a grocery store and for the sale of liquors in violation of 4 *Del.C.* § 516(a). This is not a situation where there are two separate stores in a strip shopping center. There is but one large self-contained building that is surrounded by open space. The building is served by one heating and air conditioning system and one electric meter. Significantly, there is a single entrance/exit area to the building. It is an enclosed foyer that is an integral part of the building. The entrance to the area where liquors are sold and the entrance to the area where groceries are sold are both within that foyer.

There is a single sign on the premises that states: "Sam's Club—Members Only." It is conceded that although membership in Sam's Club is not required to purchase liquor, the liquor is sold for the convenience of the members of Sam's Club. The sale of liquor is managed by the same general manager as the remainder of the store.

In construing a statute a court must attempt to ascertain the legislative intent. The framers of the Delaware Constitution recognized that the sale of alcoholic beverages requires special limitations when it adopted Article XIII, § 3 of the Delaware Constitution. In fulfilling its responsibility under the Constitution, the General Assembly long ago made it clear that it is a crime for a minor to enter a package store. 4 *Del.C.* § 904(e) states:

(e) Whoever, being under the age of 21 years, enters or remains in a tavern, taproom or package store, or while therein has on his person at any time alcoholic liquors, shall be fined not more than $25.

This reflects the public policy that minors should not be permitted to enter the premises where alcoholic beverages are sold for consumption off the premises. This policy aids in the enforcement of the prohibition of sale of alcoholic beverages to minors and also informs minors that the purchase of alcoholic beverages by them is prohibited. It also helps to eliminate tie-in sales of groceries and alcoholic beverages that might encourage the use of alcohol.

The enactment in 4 *Del.C.* § 516(a) of the clause that prohibits a grocery store from selling alcoholic beverages on its premises was in accord with these policies and it is not our prerogative to weaken them. If the General Assembly desires that alcohol can be sold in grocery stores it can easily amend the statute to so provide.