IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HEERAK C. KIM,                        )
                                      )
                                      )
        Appellant,                    )
                                      )
            v.                        )     C.A. No. N14A-12-005 JAP
                                      )
DEPARTMENT OF HEALTH AND              )
SOCIAL SERVICES, and the MERIT        )
EMPLOYEE RELATIONS BOARD              )
                                      )
        Appellees.                    )
                                      )

## ORDER

1. This is an appeal from a decision of the Merit Employee Relations Board (MERB), which unanimously dismissed for lack of jurisdiction Heerak C. Kim's appeal of his termination from the Delaware Department of Health and Social Services (DHSS).

2. Mr. Kim was employed as a certified nursing assistant at the Governor Bacon Health Center (the Health Center) of the DHSS. The Health Center is a long-term residential facility which provides intermediate care for elderly patients with chronic health conditions. According to Mr. Kim, he was the only employee of Korean descent at the Health Center.

3. Mr. Kim's employment ran from May 19, 2014 to July 24, 2014, a total of 66 days.[1] The stated reasons for his termination included, among others, (1) "[f]alse accusations related to nurses advising [him] not to answer call bells," (2) [t]alking openly about staff members not performing the essential functions

---

[1] *Record* (hereinafter *R*) at 3.

1

of their jobs," (3) being "[a]rgumentative with the nurse in charge," and (4) "[i]gnoring direction of mentors and completing tasks [his] own way."[2]

4. Mr. Kim filed an appeal of his termination with the MERB claiming he was terminated in retaliation for filing reports of abuse by staff members.[3] The MERB conducted a hearing at which Mr. Kim presented three issues regarding his termination. First, he claimed that he was not made aware of any collective bargaining agreement that concerned his employment.[4] Second, he claimed he was told that he was making satisfactory progress in his job and that he would have his first performance review in December, 2014.[5] Third, he claimed that he was terminated in retaliation for filing several reports of elder abuse and neglect at the Health Center.[6]

5. The MERB concluded that it lacked jurisdiction to hear his claim because a collective bargaining agreement covering Mr. Kim deprived the MERB of jurisdiction.[7] It found that Mr. Kim's claimed ignorance of the existence of the collective bargaining agreement did not void that agreement. Even if the agreement did not deprive it of jurisdiction, the MERB noted, Mr. Kim would have no recourse to the MERB because he was a probationary

---

[2]    *Id*, at 3–4.
[3]    *Id*.at 1.  Mr. Kim also filed an appeal with the Office of Management and Budget, Human Resource Management, but it rejected his appeal on July 31, 2014.  *Id.* at 5.  Mr. Kim does not appeal this rejection to this court.
[4]    *Id.* at 37.  Mr. Kim now claims that certain mid-level employees at the hospital waived or modified the collective bargaining agreement.  Those employees could not waive or modify that agreement and the court rejects Mr. Kim's argument.  In any event, as discussed in the text, the same result occurs irrespective of whether Mr. Kim's claim is covered by a collective bargaining agreement or by the state Merit Rules.
[5]    *Id.*
[6]    *Id.*
[7]    *Id.* at 45.

employee.[8]  Mr. Kim now appeals to this court.  Most of his arguments are the same he presented to the MERB.  He now raises for the first time, however, arguments that (1) employees of the Health Center somehow terminated the collective bargaining agreement as applied to him[9] and (2) his termination was racially motivated.

6. When reviewing the MERB's findings this court's function "is to correct any errors of law as well as determine whether the record contains substantial evidence to support the [MERB's] findings of fact and conclusions of law."[10] Substantial evidence is relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[11]  "When the issue on appeal is whether or not proper legal principles have been applied," this court's review is *de novo.*[12]

7. The MERB investigates complaints arising under Delaware's Merit Rule system.[13]  That system was created to "establish a system of personnel administration based on merit principles and scientific methods" for Delaware State employees.[14]  However if the dispute is covered, in whole or in part, by a collective bargaining agreement, the bargaining agreement—rather than the Merit Rules—governs resolution of that dispute.[15] In other words the MERB generally lacks jurisdiction to hear disputes covered by a collective bargaining agreement.

---

[8]     *Id.* at 46.
[9]     *See supra* note 4.
[10]    *Gibson v. Merit Empl. Relations Bd.*, 16 A.3d 937 (Table), 2011 WL 1376278, at *2 (Del. 2011).
[11]    *Delaware Alcoholic Beverage Control Com'n v. Newsome*, 690 A.2d 906, 910 (Del. 1996).
[12]    *Johnson Controls, Inc. v. Fields*, 758 A.2d 506, 509 (Del. 2000).
[13]    29 *Del. C.* §§ 5907(1), 5931.
[14]    *Id.* § 5902.
[15]    29 *Del. C.* § 5938; Merit Rule 1.3.

3

8. In the end it does not matter here whether the dispute is covered by the collective bargaining agreement because the MERB lacked jurisdiction under either of the two possible scenarios. Either the dispute was covered by the collective bargaining agreement—in which case the agreement itself deprived the MERB of jurisdiction—or the dispute arises under the State Merit Rules, in which case Mr. Kim has no right to an appeal because he is a probationary employee.

9. The MERB's conclusion that it lacked jurisdiction because the dispute is, in fact, covered by the collective bargaining agreement, is well-founded. That agreement, among other things, sets out employee disciplinary procedures[16] as well as procedures for the filing of employee grievances[17] arising from disputes related to the bargaining agreement and violations of the State Merit Rules.[18] Because the collective bargaining agreement covers Mr. Kim's position and any grievance he may file in relation to it, it governs the resolution of Mr. Kim's dispute with his employer.[19]

10. The MERB also correctly reasoned that under the second of two possible scenarios (the dispute is covered by the Merit Rules, not the collective bargaining agreement) it also lacked jurisdiction to hear Mr. Kim's appeal. Assuming for the moment that the collective bargaining agreement does not cover Mr. Kim,[20] he still had no rights to appeal his termination to the MERB

---

[16]    *R* at 23, Article 6.
[17]    *R* at 24, Article 8.
[18]    *R* at 24, Article 8.1.
[19]    *R* at 22, Article 8.
[20]    *See R* at 27, Article 10.3.

4

under the Merit Rules because he is a probationary employee. Those Rules define the first year of employment as a probationary period,[21] during which an employee has no rights under the Merit Rules and, as a result, can be dismissed at any time.[22] Mr. Kim worked only 66 days before he was terminated, well within the one-year probationary period.[23] Therefore, as a probationary employee, Mr. Kim has no rights under the Merit Rules and cannot appeal his termination to the MERB.

11. The Merit Rules excepts terminations on the basis of race from its no-rights-for-probationary-employees rule.[24] Mr. Kim now claims he was dismissed at least in part because he is of Korean descent. He never made this argument below, and it now comes too late. It is settled that when this court acts "in appellate capacity on an appeal from an administrative board, [it] will not consider issues not raised before the tribunal."[25] Mr. Kim had ample opportunity to present this claim at the MERB and did not do so. Accordingly the court will not hear it now.

12. The court holds that (assuming the collective bargaining agreement covered Mr. Kim's claim) the MERB correctly decided it lacked jurisdiction. The court further holds that (assuming the collective bargaining agreement did not

---

[21] Merit Rule 9.1.
[22] Merit Rule 9.2.
[23] The collective bargaining agreement defines the probationary period as the first 90 days. *See R* at 27, Article 10.1. Thus, even under the agreement's definition of a probationary employee, Mr. Kim is still considered a probationary employee because he was employed for 66 days.
[24] Merit Rule 2.1.
[25] *Tatten Partners, L.P. v. New Castle Cty. Bd. of Assessment Review*, 642 A.2d 1251, 1262 (Del. Super. 1993).

cover Mr. Kim's claim) the MERB lacked jurisdiction under the Merit Rules to hear Mr. Kim's appeal because he was a probationary employee.

Wherefore the judgment of the Merit Employee Relations Board is **AFFIRMED**.


January 28, 2016

John A. Parkins, Jr.
Superior Court Judge


oc:  Prothonotary

cc:  Heerak C. Kim, Townsend, Delaware
Kevin R. Slattery, Esquire, Department of Justice, Wilmington, Delaware
Rae M. Mims, Esquire, MERB, Department of Justice, Wilmington, Delaware