STATE PERSONNEL COMMISSION,
Defendant Below, Appellant,

v.

Paul W. HOWARD, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 19, 1979.

Decided April 15, 1980.

**136**

Charles J. Durante, Deputy Atty. Gen., Dover, for defendant below, appellant.

Harvey B. Rubenstein, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

HERRMANN, Chief Justice:

We are asked to dismiss this appeal for failure to join necessary parties appellee and for failure to perfect the appeal within the 30 day period prescribed by 10 *Del.C.* § 148.[1]

## I.

This motion to dismiss the appeal arises out of a suit in the Superior Court by plaintiff Paul W. Howard and co–plaintiffs Council 81, American Federation of State, County and Municipal Employees, AFL–CIO (hereinafter Council 81) and Local Union 1726, American Federation of State, County and Municipal Employees, AFL–CIO (hereinafter Local 1726), against the State Personnel Commission, seeking a declaratory judgment to resolve a dispute concerning the filling of a vacancy within the plaintiff Howard's employment bargaining unit. All the plaintiffs were represented below by one attorney; he represents the plaintiff Howard in this appeal. The Superior Court found for the plaintiffs; the defendant State Personnel Commission appeals.

The caption of the notice of appeal filed in this Court named only the plaintiff Howard as appellee. The notice of appeal was served on the plaintiff's attorney in compliance with Supreme Court Rule 7(a).[2] After

more than thirty days had elapsed from the date of the Superior Court judgment, but before any further action had been taken in the appeal proceedings, the defendant moved for permission to add the names of the plaintiffs Council 81 and Local 1726 to the caption of the notice of appeal as appellees. Plaintiff Howard moved for dismissal of the appeal on the ground that the defendant had failed to perfect its appeal within the 30 day period as required by 10 *Del.C.* § 148.

## II.

In support of his motion to dismiss the appeal, the plaintiff relies in the main on two principles of law. First, he argues that

"it is almost universally recognized that every party to the record who has any interest that would be directly affected by the determination in an appellate review must be made a party to the review proceedings ... [I]t is generally considered that the rule is not a question resting in the discretion of the appellate court, but is a fundamental question of jurisdiction, which cannot be waived by the parties or disregarded by the appellate court ...."

4 C.J.S. *Appeal & Error* § 391 (1957). Second, the plaintiff contends that the failure to join Council 81 and Local 1726 as appellees in the caption requires dismissal of the appeal because they were necessary parties to the appeal and by their omission, therefore, the defendant failed to perfect its notice of appeal within the statutory period.

1. 10 *Del.C.* § 148 provides:
"§ 148. Time for appeal from final judgment of the Superior Court in civil actions.
"No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree."

2. Supreme Court Rule 7(a) states:
"(a) Notice Of Appeal. An appeal shall be commenced by a notice of appeal. The notice of appeal shall be served in duplicate upon an

attorney of record for each party to the proceeding below; if there is no such attorney it shall be served upon each party in the manner provided in these rules for service of papers. Immediately following such service, such appellant shall file with the Clerk of this Court such notice, in duplicate, together with proof of service as provided in these rules. The Clerk shall forthwith forward the duplicate thereof to the clerk of the trial court for filing in such court. Appeals from interlocutory orders shall be governed by Rule 42."

### III.

■ The plaintiff is correct in his assertion that all parties to the litigation who would be directly affected by a ruling on the merits of an appeal, should be made party to the appellate proceedings. This rule has its foundation in the policy of this Court and others to prevent piecemeal litigation. 4 Am.Jur.2d *Appeal & Error* § 276 (1957). We cannot agree, however, that failure to do so necessarily results in dismissal of the appeal in all cases.

Formerly, it was the general practice of appellate courts to dismiss appeals for failure to join as parties appellee litigants who would be directly affected by the appellate decision. E. g., *Frankforter v. Turner*, Nebr.Supr., 175 Neb. 252, 121 N.W.2d 377 (1963); *Tupelo Townsite Co. v. Cook*, Okl. Supr., 52 Okl. 703, 153 P. 164 (1915); *First National Bank of Thermopolis v. Bonhan*, Wyo.Supr., 559 P.2d 42 (1977). However, the modern trend, developed in recent years in both state and federal courts, de–emphasizes the technical procedural aspects of appeals and stresses the importance of reaching and deciding the substantive merits of appeals whenever possible. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Edmondson v. Blakey*, Ala.Supr., 341 So.2d 481 (1976); *Hanen v. Willis*, Ariz. Supr., 102 Ariz. 6, 423 P.2d 95 (1967); *Carr v. Pacific Telephone Company*, Cal.Ct.App., 26 Cal.App.3d 537, 103 Cal.Rptr. 120 (1972); *Greyhound Corporation v. Carswell*, Fla. Supr., 181 So.2d 638 (1966); *Turner v. Purdum*, Idaho Supr., 289 P.2d 608 (1955); *In re Hore's Estate*, Minn.Supr., 220 Minn. 365, 19 N.W.2d 778 (1945); *Stubblefield v. Seals*, Mo.Ct.App., 485 S.W.2d 126 (1972); *Baker v. Sojka*, N.M.Supr., 74 N.M. 587, 396 P.2d 195 (1964). In some courts, this policy has been recognized and expressly established as Rules of Court. See *Federal Rules of Appellate Procedure* Rule 3(c); · *California Appellate Rule 1.*

■ The modern view has been adopted in Delaware. In *Episcopo v. Minch*, Del.

Supr., 7 Storey. 549, 203 A.2d 273, 275 (1964) this Court, confronted with a petition to dismiss an appeal for failure to state the order and judgment appealed from and the date of the order, as currently required by Supreme Court Rule 7(c)(3),[3] stated:

"It appears to us, however, that to all practical purposes the plaintiff of necessity could appeal only from the final order of the Superior Court dated November 25, 1963 entering final judgment for defendant. . . . We think that appeals as well as trials should, where possible and where the other side has not been prejudiced, be decided on the merits and not upon nice technicalities of practice. Since the defendant, in our opinion, has been put upon adequate notice of the nature of the appeal, and since as a practical matter the only appealable matter was the final judgment below, we deny the motion to dismiss."

We endorse that expression of disapproval of the disposition of appeals upon technical grounds. The general policy to be followed under the Rules of this Court is now expressed in Rule 102(a): "These rules shall be construed so as to do *substantial justice* and to provide for the speedy and efficient determination of proceedings in this Court." (Emphasis added). This policy would not be furthered by the evasion of substantive questions on the basis of technical violations of procedural rules.

■ Consonant with this policy, the following guidelines will govern cases involving omissions in the notice of appeal such as occurred in this case:

(1) Such omission in the notice of appeal will not cause the appeal to be dismissed unless the omission is substantially prejudicial to a party in interest; and

(2) The burden rests upon the appellant to establish the absence of such substantial prejudice.

■ Applying these rules to the case at bar, we conclude that the motion to dismiss

---

**3.** Rule 7(c)(3) provides:

"(c) Form of Notice of Appeal or Cross–Appeal. The notice of appeal or cross–appeal

shall: . . . (3) designate the judgment or order, or part thereof, sought to be reviewed and the date thereof . . ."

the appeal must be denied. This is not a case in which this Court lacks jurisdiction because the appellant failed to file any notice of appeal within the 30 day statutory period. Cf. *Scott v. Draper*, Del.Supr., 371 A.2d 1073 (1977). On the contrary, the appellant here has met the jurisdictional requirement imposed by § 148 by filing a notice of appeal within the prescribed period. The determinative question is whether the appeal should be dismissed because sufficient prejudice flows to the unjoined parties to prevent their joinder at this stage of the appeal.[4]

An important purpose served by the procedural requirements as to the form and service of the notice of appeal, is to provide notice of the appeal to all litigants who may be directly affected thereby, and to afford them an opportunity to come in and adequately protect their interests in the appellate court. 4A C.J.S. *Appeal & Error* § 547 (1957). It is within this function of the notice of appeal that the question of prejudice in this case lies. If the granting of the motion to add Council 81 and Local 1726 as appellees at this time would seriously burden their ability to protect their interests adequately, then that motion must be denied and, consequently, the appeal dismissed. If, however, there is a lack of such prejudice to the unjoined parties, then the motion must be granted and the appeal proceed to a decision on its merits.

In looking to the question of the prejudice of the unnamed parties, we find that a similar situation was presented in *Moore v. Knowles*, 5th Cir., 482 F.2d 1069 (1973). There a school board was sued by one of its employees for an alleged improper suspension. The suit was brought against three of the five current members of the board and two parties who were members of the board at the time of the suspension. The board asserted, both at the trial level and in the appellate court, that an indispensable party, the full board, had not been properly joined, and thus the suit should be dismissed. Although the Fifth Circuit Court of Appeals agreed that the Board had not been properly joined as a party, it concluded:

"Failure to join an indispensable party is not, however, an unyielding jurisdictional defect. 3A, Moore, Federal Practice ¶ 19.19. In this case the board's lawyer represented the defendants; he was paid from board funds, and the board's position was effectively presented before the District Court and this court. We find no substantial prejudice at this stage of the litigation and no reason to dismiss the case for this defect."

482 F.2d at 1075.

Likewise, in this case, all three plaintiffs were represented by the same attorney and asserted identical interests in the trial below. Indeed, as counsel for the appellee stated, "it may be said that as to Council 81, Local 1726, and Paul W. Howard the lower court judgment in their favor is indivisible ..." Thus, even if this appeal were to proceed to the merits without the addition of Council 81 or Local 1726 as parties, their interests would be more than adequately represented. We see no substantial prejudice resulting from the addition of these parties as appellees at this stage of this appeal.

Therefore, we deny the appellee's motion to dismiss the appeal and grant the appellant's motion to add Council 81 and Local 1726 as appellees in the caption of the notice of this appeal.

\*　　\*　　\*

Motion to dismiss appeal denied; motion to add parties appellee granted.

---

4. We take note of the general rule prevailing in this jurisdiction, that the notice of appeal cannot be amended or modified after the expiration of the time for perfecting the appeal. *Massey-Ferguson Inc. v. Wells*, Del.Supr., 383 A.2d 640 (1978); *Trowell v. Diamond Supply Co.*, Del.Supr., 8 Terry 422, 91 A.2d 797 (1952). That rule and those cases, however, concern attempts by appellants to modify or amend the ground or scope of the appeal after the statutory period for filing the appeal had run, a situation not presented here. Nothing herein is intended to change the prevailing rule in such cases.