IN THE SUPREME COURT OF THE STATE OF DELAWARE

GENESIS HEALTHCARE,      §
     §    No. 214, 2015
     Appellant Below,      §
     Appellant,      §    Court Below: Superior Court
     §    of the State of Delaware,
     v.      §    in and for New Castle County
     §
DELAWARE HEALTH      §    C.A. No. N13A-11-007
RESOURCES BOARD,      §
     §
     Appellee Below,      §
     Appellee.      §

Submitted: December 2, 2015
Decided:    December 8, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## O R D E R

This 8th day of December, 2015, it appears to the Court that:

(1) This is an appeal by Genesis Healthcare ("Genesis") from a final judgment of the Superior Court that affirmed the decision of the Delaware Health Resources Board (the "Board") granting a Certificate of Public Review ("CPR") to the Center at Eden Hill ("Eden Hill") and denying Genesis' Motion for Reconsideration of that grant. Genesis is the operator of skilled nursing facilities with which the proposed Eden Hill facility may compete. Genesis challenges the Board's decision as legally erroneous and asks for the judgment of the Superior Court affirming the Board's decision to be reversed. The Superior Court ruled that "because Genesis' interests

may be adversely affected by the new facility, Genesis is an interested party and is permitted to appeal to the Superior Court."

(2) The only appellee is the Board. Although the Board granted the CPR to Eden Hill to construct a new skilled care facility, Eden Hill was not joined by Genesis as a party in either the Superior Court or in this Court. The Board, in its answering brief, asserts for the first time, that Eden Hill is an indispensable party and the failure to join Eden Hill as a party in the Superior Court deprived the Superior Court of jurisdiction. The Board submits that this Court is also without jurisdiction because Eden Hill is not a party to this appeal.

(3) The Board cites *Sussex Medical Investors, L.P. v. Delaware Health Resources Board*,[1] in support of its claim that the failure to join an indispensable party is a jurisdictional defect.[2] In *Sussex Medical*, the Superior Court found that the appeal should be dismissed if an indispensable party cannot be joined, unless the court in considering four factors outlined in Superior Court Rule 19(b) determines that "equity and good conscience" allow for the appeal to proceed without the absent party. In *Sussex Medical*, the Superior Court granted the motion to dismiss for failure to join a successful Certificate of Need applicant when only the board had been joined as a party in the Superior Court appeal from the board's grant of the

---

[1] 1997 WL 524065 (Del. Super. June 25, 2007).
[2] *Id.* at *6.

2

Certificate of Need. The Certificate of Need was at that time the equivalent of today's CPR. The holding of the Superior Court in *Sussex Medical* was subsequently approved by this Court.[3]

(4) Conversely, based on the Superior Court's decision in *Yellow Cab Delaware, Inc. v. Department of Transportation* ("*Yellow Cab*"),[4] Genesis argues that the failure to join Eden Hill was not jurisdictional but rather a technical defect. Genesis argues that this defect is only fatal if Eden Hill was substantially prejudiced by the failure to be joined as a party. Genesis contends that Eden Hill was not substantially prejudiced because its interests were represented by the Board. Genesis also argues that the failure to join an indispensable party is a defense which the Board waived and is now barred by Supreme Court Rule 8.[5]

(5) In *Yellow Cab*, the Superior Court held that while "failing to file an appeal timely . . . is fatal because the time for taking an appeal is jurisdictional, modern courts consistently treat defective filing differently."[6] It then found that, since the issue of joining the indispensable party was not one depriving the Superior Court of jurisdiction, dismissal was not warranted and amendment to join the party should be

---

[3] *Hackett v. Bd. of Adjustment of City of Rehoboth*, 794 A.2d 596, 598 (Del. 2002) (affirming "that the failure to name an indispensable party to an appeal from an administrative agency to the Superior Court is not an amendable defect.").
[4] 2006 WL 2567677 (Del. Super. Aug. 29, 2006).
[5] Supreme Court Rule 8 provides that "[o]nly questions fairly presented to the trial court may be presented for review [by this Court]; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."
[6] *Yellow Cab Delaware, Inc.*, 2006 WL 2567677, at *1.

3

allowed if "the appellant demonstrates that the appellee was not prejudiced by the oversight"[7] thus applying the test established by this Court in *State Personnel Commission v. Howard.*[8] The Superior Court in *Yellow Cab* then found that the failure to join, in the appeal before it, was not fatal and denied the motion to dismiss.

(6) However, in *Yellow Cab*, the failure to join an indispensable party was timely raised in the Superior Court and the defect could be cured through an amendment. That option is not possible in the present proceeding. The record does not reflect why Genesis did not join Eden Hill as a party in the Superior Court. The record also does not reflect why the Board did not bring the absence of Eden Hill to the Superior Court's attention. In the Superior Court, when there is a timely motion to dismiss for failure to join an indispensable party, the Superior Court must apply its own Rules 15 and 19, in the context whether the proceeding is an appeal or a writ of certiorari.

(7) Over thirty-five years ago this Court held "that all parties to the litigation who would be directly affected by a ruling on the merits of an appeal, should be made party to the appellate proceedings."[9] This Court recently reaffirmed that a party who would be directly affected by a ruling should be made a party in further

---

[7] *Id.* at *2.
[8] 420 A.2d 135 (Del. 1980). In *Yellow Cab*, the Superior Court applied the *Howard* test to determine whether the appeal should be dismissed for failure to join an indispensable party. The *Howard* test is limited to dismissals by the Supreme Court. Superior Court Rules 15 and 19 should be applied to determine motions to dismiss indispensable parties in the Superior Court.
[9] *Id.* at 137 (noting that this rule serves to prevent piecemeal litigation).

4

appellate proceedings.[10] The reason for that policy is reflected in Superior Court Civil Rule 19 stating a person

> . . .
>
> [s]hall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest . . . . If the person has not been so joined, the Court shall order that the person be made a party . . . . If [the] person . . . cannot be made a party, the Court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.[11]

(8) The appeal in this Court is controlled by our holding in *Howard*. As in *Howard*, Genesis properly invoked the jurisdiction of this Court by filing a timely notice of appeal against the Board. Accordingly, as in *Howard*, "[t]he determinative question is whether the appeal should be dismissed because sufficient prejudice flows to the unjoined parties [Eden Hill] to prevent their joinder at this stage of the appeal."[12]

(9) In *Howard*, in the absence of rules corresponding to Superior Court Rules 15 and 19, this Court adopted the following guidelines to "govern cases involving omissions in the notice of appeal such as occurred in this case":

> (1) Such omission in the notice of appeal will not cause the appeal to be dismissed unless the omission is substantially prejudicial to a party in interest; and

---

[10] *CCS Investors, LLC v. Brown*, 977 A.2d 301, 322 (Del. 2009).
[11] Super. Ct. Civ. R. 19(a), (b).
[12] *Howard*, 420 A.2d at 138.

5

(2) The burden rests upon the appellant to establish the absence of such substantial prejudice.[13]

(10) We must decide what the failure by Genesis to join Eden Hill as a party means for purposes of continuing this appeal. Genesis contends that Eden Hill is not substantially prejudiced because its interests can be protected by the Board. That argument was rejected by this Court more than a decade ago.[14] "While jurisdiction over the Board must be asserted in order to enforce any subsequent judicial ruling, the Board has no 'interest' in the outcome of judicial review. The Board, like a court from which an appeal is taken, is simply another tribunal, albeit an administrative one, operating at a lower level in the adjudicatory process."[15] The successful applicant of a CPR, on the other hand, does have a substantial vested interest in the outcome of the litigation and must be joined as a party to provide for complete and proper adjudication of an appeal.[16]

(11) Genesis had a right to appeal under 16 *Del. C.* § 9305(8). It met the requirements to perfect a timely appeal as to the Board. However, as we held in *Howard*, the purpose served by the "notice of appeal, is to provide notice of the appeal to all litigants who may be directly affected thereby, and to afford them an opportunity to come in and adequately protect their interests in the appellate court."[17]

---

[13] *Id.* at 137.
[14] *Hackett*, 794 A.2d at 598–99.
[15] *Id.* at 599.
[16] *Id.* at 598; *Sussex Med. Inv., L.P.*, 1997 WL 524065, at *5–6.
[17] *Howard*, 420 A.2d at 138.

The purpose of Genesis' appeal to the Superior Court and this Court is to overturn the Board's grant of a CPR to Eden Hill. Eden Hill, as the successful recipient of the CPR, is an indispensable party and its interests are substantially prejudiced by the failure of Genesis to join it as a party in the Superior Court and in this Court.[18] Applying the guidelines in *Howard*, we hold that this appeal must be dismissed.

NOW, THEREFORE, it is HEREBY ORDERED that this appeal is DISMISSED, the Superior Court's judgment is VACATED, and the Board's decision is FINAL.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[18] *See id.* at 137–38; *Sussex Med. Inv., L.P.*, 1997 WL 524065, at *8, *12.