# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Appellant Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No.: N18C-01-213 EMD |
| AMERICAN INDEPENDENT INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOUGLAS SLAPPY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION GRANTING
## MOTION TO DISMISS COMPLAINT ON APPEAL

## I. INTRODUCTION

Quan'Ja Reeves and Jaquan Reeves (the "Reeves") were passengers in an uninsured vehicle. Defendant Douglas Slappy purportedly struck the Reeves.[1] Mr. Slappy had an insurance policy with American Independent Insurance Company ("AIIC").[2] The Reeves lived with their mother who had Nationwide Mutual Insurance Company ("Nationwide") personal injury protection ("PIP") benefits.[3] Pursuant to Ms. Reeves' policy, Nationwide paid the Reeves PIP benefits.[4] Nationwide sought subrogation from AIIC and sought arbitration with the

---

[1] Compl. ¶ 4.
[2] *Id.*
[3] *Id.* ¶ 5.
[4] *Id.*

insurance Commissioner (the "Commissioner").[5] The arbitration panel found in favor of AIIC.

Nationwide appealed.[6]

Nationwide filed an appeal with this Court. The appeal was incorrectly docketed as an administrative action rather than a civil action. Nationwide voluntarily dismissed the claim and filed a new complaint outside the deadline imposed by 21 *Del. C.* § 2118(j)(5). AIIC filed a Motion to Dismiss Complaint on Appeal (the "Motion"). Nationwide filed an Opposition to American Independent Insurance Company's Motion to Dismiss Complaint on Appeal (the "Opposition"). The Court held a hearing (the "Hearing") on the Motion on April 23, 2018. Counsel for the parties appeared at the Hearing and made arguments in support of the Motion and the Opposition. At the conclusion of the Hearing, the Court asked the parties to submit supplemental legal analysis regarding the applicability of 10 *Del. C.* § 8118 (the "Savings Statute") to improperly filed appeals.

For the reasons set forth more fully below, the Court will **GRANT** the Motion as the Savings Statute does not apply to actions initiated pursuant to 21 *Del. C.* § 2118(j) (the "Arbitration Statute").

## II. RELEVANT FACTS

On December 22, 2014, the Reeves were passengers in an uninsured vehicle.[7] Mr. Slappy struck the Reeves.[8] Mr. Slappy had an insurance policy with AIIC.[9] The Reeves' mother had an insurance policy with Nationwide.[10] Pursuant to Ms. Reeves' policy, Nationwide paid PIP benefits to the Reeves because the Reeves resided with their mother.[11]

---

[5] *Id.* ¶ 6.
[6] *Id.* ¶ 7.
[7] Compl. ¶ 4.
[8] *Id.*
[9] *Id.*
[10] *Id.* ¶ 5.
[11] *Id.*

Under the Arbitration Statute, Nationwide filed a petition for arbitration against AIIC with the Commissioner "seeking subrogation of PIP payments made on behalf of the Reeves."[12] On May 18, 2018, the insurers attended an Insurance Commissioner's Arbitration regarding the motor vehicle accident.[13] The Reeves did not attend the arbitration.[14] The parties disputed liability for the accident under the PIP benefits.[15] On May 24, 2017, the arbitration panel rendered its decision in favor of AIIC and against Nationwide.[16] On May 25, 2017, Nationwide's former counsel emailed AIIC's counsel asking for a certified copy of the arbitration panel's decision to file an appeal.[17]

On June 6, 2017, Nationwide's former counsel filed a complaint on appeal in this Court (the "Original Complaint").[18] "The Original Complaint was inadvertently filed as an administration action."[19] Nationwide never served the Original Complaint or any supporting documents upon AIIC.[20]

On December 14, 2017, Nationwide's current counsel entered his appearance.[21] On January 5, 2018, Nationwide's counsel spoke with Court personnel and learned of the filing error.[22] The Court advised Nationwide to dismiss the case and re-file.[23] On January 11, 2018, Nationwide voluntarily dismissed the case.[24] Nationwide notes that the voluntary dismissal was with prejudice.[25] Nationwide asserts that it was an inadvertent mistake and that Nationwide

---

[12] *Id.* ¶ 6.
[13] Opp. ¶ 1.
[14] Compl. ¶ 7.
[15] Opp. ¶ 1.
[16] *Id.* ¶ 1.
[17] *Id.* ¶ 2.
[18] *Id.* ¶ 3.
[19] *Id.*
[20] *Id.*
[21] Opp., Ex. D.
[22] Opp., Ex. E.
[23] *Id.*
[24] Opp., Ex. F.
[25] Opp. ¶ 5; *see also* Opp., Ex. F.

moved for a modification of the default order.[26]  On April 11, 2018, the Court heard

Nationwide's motion to modify.  AIIC did not oppose the motion.  As such, the Court granted

the motion to modify.

Nationwide filed the corrected complaint (the "New Complaint") on January 15, 2018.[27]

Nationwide timely served AIIC.

### III. STANDARD OF REVIEW

"In reviewing a motion to dismiss an appeal . . . the Court looks to Superior Court Civil

Rule 72(i) which outlines the reason why the Court may grant such a motion."[28]  Under Rule

72(i): "[t]he Court may order an appeal dismissed . . . upon a motion to dismiss by any party.

Dismissal may be ordered for untimely filing of an appeal. . . ."[29]

### IV. DISCUSSION

*THE SAVINGS STATUTE DOES NOT APPLY HERE*

The losing party of an insurance arbitration has a right to appeal *de novo* to this Court.

The Arbitration Statute provides in pertinent part:

> (j)  Every insurance policy issued under this section shall require the insurer to submit to arbitration, in the manner set forth hereinafter, any claims for losses or damages within the coverages required under paragraph (a)(2) of this section and for damages to a motor vehicle, including the insured motor vehicle, including loss of use of such vehicle, upon request of the party claiming to have suffered a loss or damages within the above-described coverages of paragraph (a)(2) of this section or to such a motor vehicle. Such request shall be in writing and mailed to the Insurance Commissioner.
>
> > (1)  All arbitration shall be administered by the Insurance Commissioner or the Insurance Commissioner's nominee.
> >
> > ***
> >
> > (5)  The right to require such arbitration shall be purely optional and neither party shall be held to have waived any of its rights by any act relating to

---

[26] Opp. n.1.
[27] *Id.* ¶ 5.
[28] *Marshall v. Frank*, 1994 WL 146380, *1 (Del. Super. Jan. 26, 1994).
[29] Del. Super. Ct. Civ. R. 72(i).

4

> arbitration and *the losing party shall have a right to appeal de novo to the Superior Court if notice of such appeal is filed with that Court in the manner set forth by its rules within 30 days of the date of the decision being rendered.*[30]

The facts are not in dispute on this issue. Nationwide filed the Original Complaint as an administrative appeal within 30 days of the decision by the arbitration panel. Nationwide never served the Original Complaint. After learning that the Original Complaint was misfiled, Nationwide dismissed the Original Complaint and filed the New Complaint more than 30 days from the date of the arbitration panel's decision. The express language of subsection (5) of the Arbitration Statute seems to bar Nationwide from pursuing this civil action. This harsh result appears true even though Nationwide filed the Original Complaint within the time limitations of the Arbitration Statute.

In the Opposition, Nationwide relies upon the Savings Statute. The Savings Statute is "intended to alleviate the harsh consequences of the statute of limitations when an action, through no fault of the plaintiff, is technically barred by the statute of limitations."[31] "The Savings Statute reflects a public policy preference for deciding cases on their merits."[32] The Savings Statute provides:

> *If in any action duly commenced within the time limited therefor in this chapter*, [1] the writ fails of a sufficient service or [2] return by any unavoidable accident, [3] or by any default or neglect of the officer to whom it is committed; or [4] if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or [5] if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or [6] if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced,

---

[30] 21 *Del. C.* § 2118(j) (emphasis added)

[31] *Marvel v. Prison Indus.*, 884 A.2d 1065, 1067 (Del. Super. 2006).

[32] *Reid v. Spazio*, 970 A.2d 176, 180 (Del. 2009) (citing *Vari v. Food Fair Stores, New Castle, Inc.*, 205 A.2d 529, 531 (Del. 1964)).

for the same cause of action, at any time within 1 year after the abatement[33] or other determination of the original action, or after the reversal of the judgment therein.[34]

The phrase "the action otherwise avoided or defeated . . . for any matter of form" refers "to a technical flaw in a complaint or writ or a jurisdictional defect resulting in the dismissal of the case."[35]

The Saving Statute only applies to claims commenced within a limitation period set out in Title 10, Chapter 81 ("Chapter 81")—"If in any action duly commenced within the time limited therefore in this chapter…"[36] The decisional law supports this conclusion.[37] In *Moore v. Greybeal*, the Chancery Court ruled that the Saving Statute applied only to statutes of limitation contained in Chapter 81.[38] The Chancery Court went on to hold that the Savings Statute does not apply to "statutes of creation," like 12 *Del. C.* § 1309(a), whose limitation periods cannot be satisfied by filing in just any forum.[39] The Supreme Court agreed with the Chancery Court's rationale and affirmed the result.[40]

A claim brought under the Arbitration Statute is not a claim commenced under Chapter 81. An Arbitration Statute action is like a 12 *Del. C.* § 1309(a) action—*i.e.*, a claim arising out of a statute of creation. Moreover, subsection (5) of the Arbitration Statute requires a losing

---

[33] ABATEMENT, Black's Law Dictionary (10th ed. 2014) ("The suspension or defeat of a pending action for a reason unrelated to the merits of the claim").

[34] 10 *Del. C.* § 8118(a)(emphasis added).

[35] *Savage v. Himes*, 2010 WL 2006573, *2 (Del. Super. May 18, 2010).

[36] 10 Del. C. § 8118(a)

[37] *Christiana Hosp. v. Fattorri*, 714 A.2d 754, 757 (Del. 1998)(the Savings Statute inapplicable to medical malpractice claims governed by 18 Del. C. § 6856); *Moore v. Graybeard*, CIV. A. No. 9851, 1989 WL 17430, at *6 (Del. Ch. Feb. 24, 1989)(the Savings Statute did not apply to a petition to review a will, stating that "the actual words of Section 8118 cannot be stretched to reach an action brought under Section 3109 of Title 12…"), *aff'd* 567 A.2d 422 (table), 1989 WL 114316, at *1 (Del. Aug. 25, 1989)(the Saving Statute only applies to statutes of limitation contained in Chapter 81); *Huffington v. T.C. Group, LLC*, C.A. No. N11C-01-030 JRJ CCLD, 2012 WL 1415930, at *9-10 (Del. Super. Apr. 18, 2012)(the Saving Statute does not apply to a Massachusetts "Blue Sky" securities fraud statute).

[38] *Moore*, 1989 WL 17430, at *4-6.

[39] *Id.*

[40] *Moore*, 1989 WL 114316, at *1.

party to file an appeal *de novo* in this Court (not just any forum) within 30 days of the arbitration panel's decision.[41] The Savings Statute, therefore, is not appellee had suffered no substantial prejudice due to the failure to name other necessary parties as those available to Nationwide.[42] As stated above, the Court recognizes that this result is harsh and does not seem to satisfy the public policy preference for deciding cases on their merits, but the result follows from an application of the express language of the Savings Statute and the cases interpreting that language.

The Court has also considered the Supreme Court's holding in *State Personal Commission v. Howard*.[43] In *Howard*, the Supreme Court refused to dismiss an appeal where the notice of appeal failed to name all necessary parties. The Supreme Court came to this conclusion by endorsing the expression of "disapproval of the disposition of appeals upon technical grounds."[44] Moreover, the Supreme Court relied upon Supreme Court Rule 102(a) which provides: "These rules shall be construed so as to do substantial justice and to provide for the speedy and efficient determination of proceedings in this Court."[45] The Supreme Court noted that the unnamed necessary parties had identical interests with the named necessary party and were also represented by the same counsel.[46] As such, the Supreme Court held that the appellant had demonstrated that the appellee, or appellees, would not suffer substantial prejudice by correcting the notice of appeal to include the additional necessary parties.[47]

---

[41] 21 *Del. C.* § 2118(j)(5).

[42] The Court reviewed the non-Delaware cases cited by Nationwide in the supplemental legal analysis submitted to the Court. In most instances, however, the language of other state's savings statutes is broader and does not contain the type of limiting language contained in Delaware's Saving Statute. *See, e.g., C.P. v. Utah Office of Crime Victims' Reparations*, 966 P.2d 1226 (Utah Ct. App. 1998)(Utah's savings statute applies to "any action" timely commenced and not just actions commence pursuant to a particular chapter or section of Utah's code).

[43] 420 A.2d 135 (Del. 1980).

[44] *Id.* at 137.

[45] *Id.*

[46] *Id.* at 138.

[47] *Id.*

The Court has a rule similar to Supreme Court Rule 102(a). Superior Court Civil Rule 1 states:

> These Rules shall govern the procedure in the Superior Court of the State of Delaware with the exceptions state in Rule 81. *They shall be construed and administered to secure the just, speedy and inexpensive determination of every proceeding.*[48]

Nationwide filed the Original Complaint in the Court but as an administrative appeal. This is the fault of Nationwide. In addition, for some reason, Nationwide did not serve the Original Complaint. This is also Nationwide's fault. At the Hearing, AIIC noted the passage of time and the difficulties of getting the insured to cooperate in further civil proceedings.

The Court does not view the failure to properly file and serve the Original Complaint as "technical" deficiencies. Civil Rule 72(c) requires that an appellant shall mail copies of the notice of appeal to all parties to the appeal and file a certificate of mailing with the Court.[49] Civil Rule 72(c) also requires that the notice of appeal be mailed "[a]t the same time" that the appeal is filed.[50] The record here is that Nationwide never filed notice of the filing of the Original Complaint, or any other form of notice of appeal of the arbitration panel's decision, to AIIC.

Moreover, the decision in *Howard* places the burden on Nationwide to establish the absence of substantial prejudice.[51] Nationwide indicated to AIIC that it planned to appeal by e-mailing and asking for a certified copy of the arbitration panel's decision in order to file an appeal;[52] however, Nationwide took no additional steps to appraise AIIC of the Original Complaint until after the case was dismissed and Nationwide filed the New Complaint. Months passed. AIIC has had no additional contact with its insured. As with any limitation period, AIIC

---

[48] Del. Super. Ct. Civ. R. 1.
[49] Del. Super. Ct. Civ. R. 72(c).
[50] *Id.*
[51] *Howard*, 420 A.2d at 137.
[52] Opp. ¶2.

8

had the right to believe that this matter had concluded with the arbitration panel's decision. Nationwide has not demonstrated to the Court that this period of delay does not substantially prejudice AIIC. Under these facts, the Court will not extend the reasoning of *Howard* to this case.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion.

Dated: May 17, 2018
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge