Harold SILVIOUS and Isabelle Silvious, Defendants Below–Appellants,

v.

Donald CONLEY and Holly Conley, Plaintiffs Below–Appellees.

No. 355, 2000.

Supreme Court of Delaware.

Submitted: Feb. 27, 2001.
Decided: May 25, 2001.
Reargument and Rehearing En Banc Denied July 17, 2001.

Caroline P. Ayres, Wilmington, for Appellants.

Daniel R. Losco and William P. Brady, Losco & Marconi, P.A., Wilmington, for Appellees.

Before VEASEY, Chief Justice, WALSH and STEELE, Justices.

PER CURIAM:

This is an appeal from an order of the Superior Court dismissing the appeal of defendants-appellants, Harold and Isabelle Silvious, from an order of the Court of Common Pleas. Because we find that the Superior Court abused its discretion in dismissing the appeal, we reverse and remand this matter to the Superior Court for proceedings in accordance with this opinion.

On April 13, 2000, the Silviouses filed an appeal in the Superior Court from a March 31, 2000 order of the Court of Common Pleas granting the motion of plaintiffs-appellees, Donald and Holly Conley, for enforcement of a settlement agreement relating to the Conleys' purchase of the Silviouses' residence. The notice of appeal stated: "PLEASE TAKE NOTICE that Harold and Isabelle Silvious, Appellants/Defendants, Below, does hereby appeal to the Superior Court of the State of Delaware from the Order regarding De-

fendant's Motion for Enforcement of Settlement Agreement, respectively, of the Court of Common Pleas, in and for New Castle County, by Judge John K. Welch, decided March 31, 2000, in Case No. 1998–12–218, in that Court." The notice of appeal was signed by the Silviouses' attorney.[1] Following a hearing, the Superior Court dismissed the appeal, finding that the Silviouses' failure to provide the "grounds" for the appeal as required by Superior Court Civil Rule 72(c)[2] deprived the Superior Court of jurisdiction.[3]

 We find that the Superior Court abused its discretion in dismissing the Silviouses' appeal. As we have ruled previously, the proper purpose of a notice of appeal filed in the Delaware Supreme Court is to provide notice of the appeal to all litigants who may be directly affected thereby, and to afford them an opportunity to take action to adequately protect their interests.[4] We conclude that this standard should be applied uniformly to every Delaware court when functioning in an appellate capacity. The Silviouses' notice of appeal, while woefully inept, did nevertheless serve the essential purpose of providing notice to the opposing parties so they could take action to adequately protect their interests.[5] The Superior Court

---

1. Attached to the notice of appeal was an unfiled Court of Common Pleas complaint by the Silviouses against the Conleys alleging misrepresentation in connection with the sale of the residence. The notice of appeal also designated portions of "the record and transcript" and contained citations to the Rules of the Delaware Supreme Court governing appeals. Finally, the notice of appeal referred to "Exhibit A," but there was no attached "Exhibit A."

2. Rule 72(c) states as follows:
 The notice of appeal shall specify the parties taking the appeal, shall designate the order, award, determination, or decree, or part thereof appealed from; shall state the grounds of the appeal; shall name the Court to which the appeal is taken; and

shall be signed by the attorney for the appellants.

3. 10 Del. C. § 1326(d).

4. *See State Personnel Commission v. Howard,* Del.Supr., 420 A.2d 135, 138 (1980). *See also Weston v. State,* Del.Supr., 554 A.2d 1119, 1121 (1989); *Massey–Ferguson, Inc. v. Wells,* Del.Supr., 383 A.2d 640, 642 (1978).

5. At the Superior Court's hearing on the Conleys' motion to dismiss, counsel for the Conleys stated "there's no question that we knew which order was being appealed from." Transcript of June 23, 2000 hearing, p. 11. There was, in addition, no dispute that all other requirements of Rule 72(c) had been met.

should, therefore, have permitted the appeal to proceed.

The judgment of the Superior Court is REVERSED. This matter is REMANDED to the Superior Court so that the appeal may proceed.