John J. HACKETT, William M. Barnes, Marie Louise Barnes, Lawrence J. Carroll, Yvonne Carroll, Charles M. Oberly, III, Prudence E. Oberly, Appellants Below, Appellants,

v.

BOARD OF ADJUSTMENT OF THE CITY OF REHOBOTH BEACH, Appellee Below, Appellee.

No. 267, 2001.

Supreme Court of Delaware.

Submitted: Feb. 21, 2002.
Decided: March 21, 2002.
Reargument Denied April 18, 2002.

Charles M. Oberly, III, Esquire (argued), Oberly, Jennings & Rhodunda, P.A., Wilmington, Delaware and William M.

Barnes, Esquire, Schnader Harrison Segal & Lewis LLP, Philadelphia, Pennsylvania, for Appellants.

James F. Waehler, Esquire (argued) and Mary Robin Schrider, Esquire, Tunnell & Raysor, P.A., Georgetown, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH, and STEELE, Justices.

PER CURIAM.

This is an appeal from an order of the Superior Court dismissing an appeal from the Board of Adjustment of the City of Rehoboth Beach because the appellants had failed to name, as a party-appellee, the property owner who secured a building variance granted by the Board. In granting a motion to dismiss the appeal, the Superior Court ruled that the property owner was an indispensable party to the appeal and any attempt to amend the notice of appeal to relate back was not permitted under applicable Superior Court rules. We agree and affirm.

**I**

The appellants, (collectively "Hackett"), are property owners in the City of Rehoboth Beach, Delaware ("the City") whose respective properties are situated near a hotel and restaurant owned by The Sands, Inc. ("the Sands"). In July, 2000, the City Building Inspector issued a building permit to the Sands authorizing a 78–room addition to the hotel complex. On August 14, 2000, Hackett, objecting to the grant of the Sands' building permit, filed an appeal with the City Board of Adjustment (the "Board"), contending that the proposed addition violated certain provisions of the City Building Code. The Board conducted a hearing on the matter on September 15, 2000 at which Hackett and the Sands, represented by counsel, presented testimony

and documentary evidence in support of their respective positions. On October 10, 2000, the Board issued a written decision, containing "Findings of Fact" and "Conclusions," denying the appeal and confirming the issuance of the building permit.

On November 6, 2000, Hackett filed a "Petition for Writ of *Certiorari* " in Superior Court in and for Sussex County "for the purpose of reviewing a decision of the Board [of Adjustment of the City of Rehoboth Beach] dated October 10, 2000, denying the appeal of appellants from the issuance of Building Permit No. 3685 to The Sands Inc., by the Rehoboth Beach Building and Licensing Supervisor." The caption of the appeal listed Hackett and his neighbors as the appellants and the *"Board of Adjustment of the CITY OF REHOBOTH BEACH"* as "appellee." In separately numbered paragraphs, the petition identified each "Appellant" by name and address. In paragraph 9, the petition identified all members of the Board. Paragraph 11 identified the Sands as a Delaware corporation "located at 101 N. Boardwalk, Rehoboth Beach, Delaware 19971" while paragraph 12 recited that "The Sands Inc., the City of Rehoboth and the Rehoboth Beach Building Inspection were all parties to the proceeding before the Rehoboth Beach Board of Adjustment." The body of the petition contained no reference to the Sands as a "party."

Service of the Petition for Writ of *Certiorari* was made by mail upon the Board through its Chairman, the Building and Licensing Supervisor of the City, the City Solicitor and James A. Fuqua, Jr., Esquire, who had appeared on behalf of the Sands at the hearing before the Board. On March 15, 2001, the Board, through counsel, filed a motion to dismiss the petition for failure to name the property owner, the Sands, as an indispensable party to the appeal. In response to the Board's

motion to dismiss, Hackett filed a motion to amend the caption of his petition to name the Sands as a party to the appeal. The motion to amend was filed after the expiration of the thirty day appeal period.

In a bench ruling, following argument, the Superior Court dismissed the petition and underlying appeal, ruling that the failure to name the property owner was a fatal defect in the appellate review process and that deficiency could not be cured through amendment after the appeal period had expired. The Superior Court acknowledged that dismissal of the appeal will leave the appellant without a remedy.

## II

Hackett argues that the Superior Court abused its discretion in denying the motion to amend the petition for what he contends is a technical deficiency. Hackett also suggests that because Mr. Fuqua, the Sands attorney, received notice of the filing of the petition, his client was on sufficient notice of the filing of the appeal and was not significantly prejudiced. Fuqua filed an affidavit in the Superior Court stating that he never authorized service of the petition upon him as the agent of the Sands, nor was he requested to do so.

This Court has emphasized that courts functioning in an appellate capacity should permit appeals to be decided on the merits, notwithstanding non-compliance with the technical niceties of the appeal procedure. *State Personnel Commission v. Howard*, 420 A.2d 135, 138 (Del.1980); *Weston v. State*, 554 A.2d 1119, 1121 (Del. 1989); *Silvious v. Conley*, 775 A.2d 1041, 1042 (Del.2001). We note, however, that none of these cases addressed the strictures of appeals implicated by the *certiorari* process in the Superior Court.

Judicial review of an administrative proceeding initiated through the *certiorari* process, while the functional equivalent of an appeal, may be subject to specific pleading requirements. One requirement of the *certiorari* proceeding is notice to a party affected by the administrative ruling, either directly or through a designated agent.

The question of whether the omission of a party to the appeal creates a non-amendable defect under Superior Court Civil Rules 15 and 19 was thoroughly examined by the Superior Court in *Sussex Medical Investors, L.P. v. Delaware Health Resources Board*, Del.Super., C.A. No. 96A–10–009, 1997 WL 524065, Cooch, J. (April 8, 1997). While noting the possible tension between this Court's admonition in *Howard* * that appeals should be decided on the merits, the Superior Court explained that subsequent decisions of this Court have implicitly recognized that the failure to name an indispensable party to an appeal from an administrative agency to the Superior Court is not an amendable defect. We approve the holding of the Superior Court in *Sussex Medical* and conclude that its thoughtful analysis controls the result in this case. Here, not only did Hackett fail to designate the Sands as an appellee in the caption of the *certiorari* petition, he did not refer to the Sands as a "party" in the body of the complaint. Clearly, a property owner whose interests are impacted by a ruling of a board of adjustment is an affected party. Indeed, Hackett does not argue to the contrary but seems to assert that notice to the attorney who represented the Sands before the Board of Adjustment is sufficient. There is no basis in this record

---

* *Howard* is factually distinguishable from this case since the attorney appearing for the named appellee also represented the unnamed appellee, thus eliminating any claim of lack of notice.

to impute an ongoing attorney-client relationship between Fuqua and the Sands. Even if there was, that arrangement, alone, does not create an agency relationship supporting constructive notice in the absence of a prior understanding communicated to the appellant.

■ Finally, we note that the designation of the Board of Adjustment as the appellee, and the active participation of counsel for the Board in the Superior Court proceeding, does not serve to render the appeal proceeding viable for purposes of amendment of the petition for *certiorari*. The Board is a nominal party to the appeal. While jurisdiction over the Board must be asserted in order to enforce any subsequent judicial ruling, the Board has no "interest" in the outcome of judicial review. The Board, like a court from which an appeal is taken, is simply another tribunal, albeit an administrative one, operating at a lower level in the adjudicatory process.

The judgment of the Superior Court is AFFIRMED.