# IN THE SUPREME COURT OF THE STATE OF DELAWARE

Janice Allmaras,                             :
Joseph J. Rolla,
Robert Viscount,                    : C.A. No. S19A-06-001 CAK

      Petitioners,                        :

      v.                                  :

                                          :

THE BOARD OF ADJUSTMENT
OF SUSSEX COUNTY, DELAWARE,          :

      Respondent.


Submitted: October 23, 2019
Decided: November 12, 2019

***Upon Motion to Dismiss***
**GRANTED**

***Upon Motion to Amend***
**DENIED AS MOOT**


## MEMORANDUM OPINION AND ORDER

Joseph J. Rolla, self represented, 16863 N. Hunters Run, Lewes, DE 19958,
Janice Allmaras, self represented, 33665 E. Hunters Run, Lewes, DE 19958,
Robert Viscount, self represented, 33697 E. Hunters Run, Lewes, DE 19958,
Petitioners.

James P. Sharp, Esquire, Moore & Rutt, P.A., 122 W. Market Street, P.O. Box
554, Georgetown, DE 19947, Attorney for Respondent.

**KARSNITZ, J.**

Respondent's Motion to Dismiss and Petitioners' Motion to Amend which are before me illustrate the tension between deciding cases on the merits, on the one hand, and strict adherence to what appear to be inviolable rules governing timing of appeals on the other hand. Self-represented Petitioners seek review of a decision of Respondent granting a Special Use Exception for a neighboring landowner ("Landowner"), allowing Landowner to operate a convalescent home.

After a few false starts,[1] Appellants filed a petition for Writ of Certiorari naming only the Sussex County Board of Adjustment (the "Board") as Respondent. The failure to name Landowner as an additional Respondent flies in the face of longstanding precedent requiring the landowner to be a party to the appeal.[2] My view of Delaware black letter law as it has existed for years would require dismissal of an appeal if Landowner is not named as a party within thirty (30) days

---

[1] On March 8, 2019, Petitioners filed a Petition for Writ of Certiorari, which was granted by this Court, but upon motion by Respondent, the appeal was denied without prejudice on May 17, 2019 as premature, since Petitioners had not exhausted their administrative remedies before the Board. On April 26, 2019, Petitioners filed a second Petition for Writ of Certiorari, which was granted by this Court, but the parties stipulated to a dismissal without prejudice on May 20, 2019, and this Court so ordered on May 21, 2019.

[2] *Hackett v. Board of Adjustment of the City of Rehoboth Beach*, 794 A.2d 596 (Del. 2002); *Covey v. Board of Adjustment of Sussex County*, 2002 WL 970469 (Del. Super. May 7, 2002) ("It is well settled that all parties to an appeal who would be directly affected by an appellate ruling should be made parties to the review proceeding.... The rule is 'a fundamental question of jurisdiction, which cannot be waived by the parties or disregarded by the appellate court, and the latter has no power to hear and determine a case unless all the parties directly affected by the judgment ... are brought before it.' "); *CCS Investors, LLC v. Brown*, 997 A.2d 301 (Del. 2009); *Schlosser & Dennis, LLC v. City of Newark Board of Adjustment*, 2016 WL 2766119 (Del. Super. May 9, 2016); *see also Sussex Medical Investors, L.P. v. Delaware Health Res. Bd.*, 19997 WL 524065 (Del. Super. April 8, 1997).

1

of the Board's decision.[3] But, as one Delaware Court has recently said, "not so fast".[4]

Resourceful parties caught in this procedural pinch have resorted to Superior Court Civil Rule 15(c) to resuscitate an otherwise lifeless case. Anyone with a passing familiarity with Rule 15 knows that under appropriate circumstances it may be used to amend a pleading and have it "relate back" to the original filing date. The Rule has often been invoked to save claims from the fate of dismissal for failing to meet a statute of limitations time requirement.

In *DiFebo v. Board of Adjustment of New Castle County*,[5] our Supreme Court invited an examination of Rule 15's savings provisions in the very context at issue here.[5] To me, Rule 15 was designed with the typical civil lawsuit pleadings in mind. Nevertheless, on its face Rule 15 applies to *all* civil proceedings, including this appeal. Rule 15 has a number of requirements which I address in this opinion. To see if Rule 15 allows for the amendment to Petitioners' petition, and if that amendment relates back to the initial filing which was within the statutorily mandated thirty days, read on.

The facts pertinent to these motions are undisputed. Respondent granted

---

[3] *Id.*; see 9 *Del. C.* §6918(a).
[4] With thanks to Vice Chancellor Slights in *PPL Corporation v. Riverstone Holdings, LLC*, 2019 WL 5423306, at *1 (Del. Ch. Oct. 23, 2019), and with apologies to Coach Lee Corso.
[5] 132 A. 3d 1154 (Del. 2016).

2

the application for a special exception to allow operation of a convalescent home, nursing home, and/or home for the aged by decision dated February 5, 2019. On February 11, 2019, Petitioners filed a request for re-hearing before the Board. On June 4, 2019, Respondent issued its Findings of Fact in support of its denial of Petitioners' request for re-hearing. At that point, all proceedings before the Board had ended. On June 24, 2019, Petitioners filed the pending Petition for Writ of Certiorari (the "Petition") naming only the Board as a party Respondent. The Board responded by moving to dismiss that Petition.

Petitioners initially argued they did not need to name Landowner as a party respondent because their complaints were with the Board's decision. They have now abandoned that position, and agree Landowner must be a party respondent. Observing Landowner's due process rights requires its participation.

Thus the sole issue is: can Petitioners now amend their Petition to add Landowner as a party, and have that amendment relate back to the time of their initial filing so as not to run afoul of the thirty-day period to file their appeal?

9 *Del.* C. §6918(a) governs the filing of appeals from the Board, and reads in full:

> "Any persons jointly or severally aggrieved by a decision of the Board of Adjustment or any taxpayer or any officer, department, board or bureau of the County may present to the

3

Superior Court in and for Sussex County, a petition duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the Court within 30 days after the filing of the decision in the office of the Board."

Simply put, a person aggrieved by a decision of the Board has thirty days to perfect an appeal. All parties affected by the Board's ruling, including the landowner, must be a party to the appeal.[6] Delaware courts routinely held that the failure to timely join the landowner is a fatal jurisdiction defect.[7]

Superior Court Civil Rule 15(c)(3) reads:

"The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake **concerning the identity of the proper party**, the action would have been brought against the party." [Emphasis supplied.]

---

[6] CCS *Investors, LLC v. Brown.* 977 A.2d 301 (Del. 2009).

[7] *Schlosser and Dennis, LLC v. City of Newark,* 2016 WL 2766119, at *4 (Del. Super. May 9, 2016).

4

The three requirements of the Rule can be summarized as follows:

    (1)    The claim asserted must arise from the same transaction; *and*,

    (2)    Within in the period provided by statute *or* these Rules for service of the summons and complaint; *and*,

    (3)    The party sought to be brought in

        (A)    has received notice of the action and will not be prejudiced in maintaining a defense on the merits, *and*

        (B)    knows or should know that, *but for a mistake concerning the **identity** of the proper party*, the action would have been brought against the party.

The first requirement is obviously met. In my opinion, the second requirement has also been met. On this issue, Respondent argues that the Rule requires the unnamed party to be made a party within the thirty-day appeal period. However, the Rule has a conjunctive "or", and therefore includes either the statutory period (thirty days), or the period set forth in the Superior Court Civil Rules for service of the summons and complaint.[8] Superior Court Civil Rule 4(j)

---

[8] See Generally Superior Court Civil Rule 4, and specifically Superior Court Civil Rule 4(j).

5

requires a complaint to be served within 120 days of filing. Here, Petitioners filed their Motion to Amend and gave Landowner actual notice within the 120-day period.

With respect to the third requirement, Landowner received notice of the action, and apparently[9] Landowner will not be prejudiced in maintaining a defense to the claim. However, I am left with the question of whether Landowner "knew or should have known" that it would have been named as a party. This first part of the third requirement is a virtual tautology -- Landowner actually knew of the appeal, and therefore must have known that it was a proper party to the appeal.

Our Rule, however, requires more: that the unnamed party knew or should have known, *but for a **mistake** concerning the identity of the proper party*, it would have been named. If one looks at the issue of whether the unnamed party knew of the mistake from an objective viewpoint, it is also a tautology. Since Landowner actually knew of the appeal, Landowner should have known Petitioners made a mistake.

But the Rule does not countenance just any mistake, but only a mistake *concerning the **identity** of the proper party*. This distinction lies at the heart of

---

[9] I describe the prejudice point in this way because I do not have Landowner before me to assert its position.

*DiFebo*;[10] i.e., it is the *type* of mistake that governs whether Rule 15 affords relief. In *DiFebo* our Supreme Court acknowledged the longstanding Delaware precedent that in order to qualify for Rule 15(c) treatment:

> "[Delaware] courts generally decline to find a mistake when the plaintiff cannot demonstrate an intent to include the unnamed party before the limitations period expired but will find a mistake if the plaintiff intended to sue certain parties but was **misled** as to the identity of those parties. [Emphasis supplied.][11]

Had the Court in *DiFebo* ended there, the decision here would be controlled by settled law. But in *DiFebo* the Court continued on to discuss *Krupski v. Costa Crociere S.P.A.*,[12] in which the United States Supreme Court reviewed Federal Rule of Civil Procedure 15(c), which is identical to our Rule. *DiFebo* quoted the following language found in *Krupski:*

> "The reasonableness of the mistake is not itself at issue....[A] plaintiff might know that the prospective defendant exits but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that [Federal] Rule 15(c)(1)(C)(ii) has been

---

[10]132 A.3d 1154 (Del. 2016).

[11] 132 A.3d 1154, at 1158 (Del. 2016).
[12] 560 U.S. 538 (2010).

7

satisfied."[13]

The Delaware Supreme Court in *DiFebo* ultimately determined that the "mistake" issue had not been raised at the Superior Court level, nor was it properly briefed in the Supreme Court, and thus "should not be decided in a case without fair presentation to the trial court."[14] The issue has been fairly presented to me.

The answer lies as it always does within the express language of the Rule. It is not *any* mistake which warrants Rule 15(c) relief, but only a mistake concerning the identity of the proper party. I agree with and defer to the United States Supreme Court that the reasonableness of the mistake is not the issue. However, for me, and giving the language of the Rule a fair reading, a party seeking Rule 15(c) relief must still show a mistake as to the *identity* of the unnamed party. Here, there was not a mistake as to the identity of Landowner. Rather, Petitioners made a mistake as to whether or not the clearly identified Landowner had to be named as a party in the first instance. The issue was addressed in *Vondrasek v. Board of Adjustment of the City of Wilmington*.[15] Ultimately, the Court in *Vondrasek* determined that *DiFebo* did not change Delaware law, and dismissed an appeal for failure to name

---

[13] 560 U.S. 538, at 549 (2010).
[14] *DiFebo*, at 1159.
[15] 2017 WL 1735402 (Del. Super., May 1, 2017).

8

the landowner as a party.

In my opinion, Petitioners claims are not enough under Rule 15. I believe my decision squares with well-settled Delaware law, and is consistent with the *Krupski* view. I am also concerned that a contrary position would do violence to the legislative dictates of 9 *Del.* C. §6318.

I am granting Respondent's Motion to Dismiss and therefore denying Petitioners' Motion to Amend as moot.

**IT IS SO ORDERED.**

Craig A. Karsnitz

cc:  Prothonotary's Office
     Self Represented Litigants
     James P. Sharp, Esquire

9