IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JANICE ALLMARAS, JOSEPH J. ROLLA, and ROBERT VISCOUNT, | § § | No. 508, 2019 |
| | § | |
| Petitioners Below, | § | |
| Appellants, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| THE BOARD OF ADJUSTMENT | § | C.A. No. S19A-06-001 |
| OF SUSSEX COUNTY, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: May 22, 2020
Decided: August 7, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Janice Allmaras, Joseph Rolla, and Robert Viscount ("the Appellants") appeal the Superior Court's November 12, 2019 opinion dismissing their petition for a writ of *certiorari*. After careful consideration, we find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2)     On November 5, 2018, the Board of Adjustment of Sussex County ("the Board") held a public hearing on the application of Old Orchard Ventures, LLC ("Old Orchard") for a special use exception to operate a convalescent home on

property owned by Karen Hefke ("the Landowner"). On February 5, 2019, the Board issued a written decision granting the application. The Appellants filed a motion for a rehearing, which was denied by way of a written decision issued on June 4, 2019. The Appellants then petitioned the Superior Court, naming the Board as the sole respondent, for a writ of *certiorari* to review the Board's decision. The Board moved to dismiss the petition, arguing that the Superior Court lacked jurisdiction to entertain the appeal because the Appellants failed to name and serve the Landowner and Old Orchard, who were indispensable parties to the appeal. The Appellants initially opposed the motion to dismiss on the merits, arguing that their complaints were with the Board's decision. Ultimately, however, the Appellants agreed due process required notice to the Landowner but argued that they should be permitted to amend their petition under the "relation back" doctrine. On November 12, 2019, the Superior Court issued a written decision granting the Board's motion to dismiss and denying the Appellants' motion to amend their petition.[1] This appeal followed.

(3) On appeal, the Appellants argue that (i) the Superior Court erred by ignoring the plain language of Superior Court Civil Rule 15(c) ("Rule 15(c)") and (ii) Rule 15(c) should be read in accord with the United States Supreme Court case

---

[1] *Allmaras v. Bd. of Adjustment*, 2019 WL 5955993 (Del. Super. Ct. Nov. 12, 2019).

2

*Krupski v. Costa Crociere S. p. A.*[2] We review the Superior Court's grant of a motion to dismiss *de novo*.[3]

(4)     A petition for review of a Board decision must be filed with the Superior Court within thirty days of the Board's decision.[4]  However, we have held that an appellant has 120 days from the time he files his initial petition—the time period for service of the summons and complaint or their equivalent under Superior Court Civil Rule 4(j)—to amend his complaint if the Rule 15(c)(3) requirements are satisfied.[5]

(5)     Rule 15(c)(3) establishes the "relation back" doctrine.  Under this doctrine, a pleading amendment that changes or adds a party's name to the proceedings is permitted when three requirements are met: (i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (ii) the party to be brought in by amendment has received such notice of the pending action that the party will not be prejudiced in maintaining a defense on the merits; and (iii) the party to be brought in by amendment knew or should have known that, but for a mistake

---

[2] 560 U.S. 538 (2010).
[3] *King Constr., Inc. v. Plaza Four Realty, LLC*, 976 A.2d 145, 151 (Del. 2009) ("This Court reviews the Superior Court's grant of a motion to dismiss *de novo* to determine whether the trial judge erred as a matter of law in formulating or applying legal precepts.") (internal quotation marks and citation omitted).
[4] 9 *Del. C.* § 6918(a).
[5] *DiFebo v. Bd. of Adjustment*, 132 A.3d 1154, 1156-57 (Del. 2016).

3

concerning the identity of the proper party, the action would have been brought against the party.[6] Here, the controversy involves the interpretation of the third requirement.

(6) "Judicial review of an administrative proceeding initiated through the *certiorari* process, while the functional equivalent of an appeal, may be subject to specific pleading requirements."[7] One such requirement is that the party appealing from an administrative agency to the Superior Court must name indispensable parties.[8] The property owner is such a party.[9]

(7) The Superior Court concluded that the Appellants could amend their petition to add the Landowner as a party under Rule 15(c) if the Appellants had been mistaken as to the identity of who owned the land at issue. Because the Appellants were not mistaken as to the identity of the Landowner, but only mistaken as to whether the Appellants were required to name the Landowner as a party to their appeal, the Superior Court concluded that the Appellants could not use the relation back doctrine to amend their petition. In so doing, the Superior Court considered the application of the *Krupski* holding. In *Krupski*, the United States Supreme Court held that the pivotal question of the third requirement of the relation back doctrine

---

[6] Super. Ct. Civ. R. 15(c).
[7] *Hackett v. Bd. of Adjustment*, 794 A.2d 596, 598 (Del. 2002).
[8] *Id.*
[9] *Id.* at 599 (observing that the Board is merely a nominal party to such an appeal and has no "interest" in the outcome of judicial review).

was not whether the *applicant* knew or should have known the identity of the proper defendant but whether the *proper defendant* "knew or should have known that it would have been named as a defendant but for an error."[10] The Superior Court concluded that the *Krupski* holding did not alter the requirement that a party seeking relief under Rule 15(c) must still show it was mistaken as to the identity of the proper defendant.

(8) We agree with the conclusion reached by the Superior Court. First, the Appellants' argument that the Superior Court did not consider the plain language of Rule 15(c) is unavailing. The Superior Court did not err in its interpretation of the requirements of Rule 15(c) but merely observed that it is not enough that the Landowner know of the appeal or the Appellants' mistake: that is, the Landowner must know that the Appellants had made a mistake as to the identity of the proper party.[11] This is a correct interpretation of the third requirement of Rule 15(c).

(9) Second, the *Krupski* decision does not need to be, as the Appellants allege, squared with our previous "strict" interpretation of Rule 15(c)[12] under the facts presented here. In *Krupski*, the plaintiff endeavored to recover compensation for injuries she sustained on a cruise ship. In so doing, she filed a negligence action

---

[10] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).
[11] *Allmaras*, 2019 WL 5955993, at *3 ("But the Rule does not countenance just any mistake, but only a mistake *concerning the **identity** of the proper party*.") (emphasis in original).
[12] *DiFebo*, 132 A.3d at 1158-59 (referring to the "strict approach traditionally taken by our courts" in considering the nature of the plaintiff's mistake in misidentifying a proper defendant).

against Costa Cruise Lines, the entity listed on the front of her cruise ticket and featured prominently in travel documents. Costa Cruise Lines filed a motion for summary judgment arguing that it was not the proper defendant because any lawsuit was required to be filed upon "the carrier," identified as "Costa Crociere S. p. A." elsewhere on the plaintiff's cruise ticket. The district court denied Costa Cruise Lines' motion for summary judgment without prejudice and permitted the plaintiff to amend her complaint to add Costa Crociere S. p. A. ("Costa Crociere") as a defendant. Thereafter, the district court granted Costa Crociere's motion to dismiss, finding that the amendment did not relate back to the original complaint. The Supreme Court reversed the judgment denying the amendment, holding that Costa Crociere should have known that it was not named as a defendant only because of the plaintiff's misunderstanding about which "Costa" entity was in charge of the ship and that this was "clearly a 'mistake concerning the proper party's identity.'"[13]  In so holding, the Supreme Court noted that the plaintiff's complaint made clear that she intended to sue the company that owned, operated, managed, and controlled the ship on which she was injured.[14]  But the Supreme Court distinguished the very situation presented here: "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the

---

[13] *Krupski*, at 554-55 (quoting Fed. R. Civ. P. 15(c), which contains the same substantive elements as Rule 15(c)).

[14] *Krupski*, 560 U.S. at 554-55.

original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of [the relation back doctrine] are not met."[15]  The Appellants' failure to name the Landowner or Old Orchard[16] in their petition for a writ of *certiorari* was a fully informed decision that they initially defended on its merits.  Accordingly, the Superior Court properly held that the Appellants were not entitled to relief under the relation back doctrine.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[15] *Id.* 552.

[16] Although the Superior Court limited its discussion to whether the Landowner was an indispensable party, the Board is correct:  Old Orchard was also an indispensable party to the Appellants' petition for review. *CCS Inv'rs, LLC v. Brown*, 977 A.2d 301, 324 (Del. 2009).