# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SANDS FENWICK, INC., : 
t/a FENWICK SHORES, a : 
Tapestry Hotel by Hilton : 
                         : 
      Appellant, : 
                         : 
      v. : C.A. No.  S21A-10-002 CAK 
                         : 
                         : 
ALCOHOL BEVERAGE CONTROL : 
APPEALS COMMISSION, : 
                         : 
      Appellee. : 

Submitted: May 2, 2022
Decided: May 31, 2022

*Appeal from the Decision of the Alcohol Beverage Control Appeals Commission dated October 5, 2021*

**DENIED**

## MEMORANDUM OPINION AND ORDER

Timothy G. Willard, Esquire, Fuqua, Willard & Schab, P.A., 26 The Circle, P.O. Box 250, Georgetown, DE 19947, Attorney for Appellant.

Adria B. Martinelli, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for Appellee.

**KARSNITZ, R. J.**

# BACKGROUND

Sands Fenwick, Inc, trading as Fenwick Shores, a Tapestry Hotel by Hilton ("Appellant") is a hotel at 1501 Coastal Highway, Fenwick Island, Delaware. Appellant applied for a liquor license from the Alcoholic Beverage Commissioner (the "Commissioner") to serve alcohol to its guests. The license application also included variance requests for food and beverage (including alcohol) service on the second-floor café pool area with a wet bar, speakers, and a paging system.[1] The café is accessible directly from the outside of the hotel without passing through the lobby. There is no door at the entrance to the café. The bar at the café would be open to the public. The café measures approximately 15 x 20 feet with 23 chairs, 8 or 9 stools at the bar and faces Coastal Highway.

On October 20, 2020, the Commissioner held a public hearing on the application. A number of residents filed letters of opposition or participated in the hearing (the "Opposing Residents"). The record below includes letters from Opposing Residents who represented that they lived within one mile of Appellant and opposed the granting of an alcohol license on the outside patio. Many of the Opposing Residents who testified at the hearing objected to the outdoor bar, live

---

[1] Wet bars, live entertainment, external speakers, paging systems, and amplification systems are forbidden on permitted patios, but a variance may be granted at the discretion of the Commissioner. 4 *Del. Admin. C.* § 704 (6.0, 7.0).

entertainment, the external speakers and paging system, and the related noise and crowds. They alleged that such noise, crowds, and related behavior would be contrary to the quiet, family-oriented quality of life for which Fenwick Island is known. Some of the Opposing Residents were represented by counsel, while others appeared *pro se*. The Commissioner stated that the following Opposing Residents participated in the hearing and were therefore parties to the proceedings: Andrew Bellwar, Richard Benn, Janice Bortner, Mr. Burns, Vicki Carmean, Ginny Clark, Liane DesRoches, Peter Frederick, Jody Hayden, Warren Hayden, Paul Icard, Richard Klein, Susan Klein, Amy Kyle, Julie Lee, Natalie Magdeburger, Jacqueline Napolitano, Melanie Pauley, Kelly Perry, Pamela Pridgeon, Ann Raskausas, William Rymer, Colleen Sanford, Ms. Tracy, Gail Warburton and Nelli Westwater.

On May 14, 2021, the Commissioner issued a written decision finding that Appellant met the requirements for a patio permit, but denied the requested variance for a wet bar and external speakers located on the second-floor café, concluding that Appellant did not demonstrate good cause for these variances. The Commissioner noted that, for the variances to be approved, the applicant must show "good cause" for permitting the forbidden amenities such as external speakers or live entertainment. He further noted that "good cause" is not defined in the statute but generally defined to mean that a "party has provided sufficient enough evidence and

justification to convince a tribunal to decide a certain way . . . . This Office concludes the applicant provided no evidence to support the requested variances."[2] The Commissioner's decision observed that "[n]o other hotels or restaurants in Fenwick Island have an outdoor bar."[3] The decision also noted the citizens' concerns about the outdoor wet bar, live entertainment, the external speakers and paging system, and the related noise and associated crowds.

Appellant appealed the Commissioner's denial of the variances to the Alcohol Beverage Control Appeals Commission (the "Appeals Commission"). Appellant submitted a written argument to the Appeals Commission, and a hearing was held on August 17, 2021. The Appeals Commission reserved its decision, and published a Notice of Public Meeting for August 25, 2021, for deliberation and decision. Appellant was present for the August 25th deliberations. After discussion at the August 25th meeting, the Appeals Commission voted to affirm the Commissioner's decision. A written decision and order were issued by the Appeals Commission on October 5, 2021.

On October 15, 2021, Appellant filed a Notice of Appeal of the Appeals Commission's decision in this Court. Appellant named only the Appeals

---

[2] Appendix filed with Appellant's Opening Brief at 74.
[3] *Id*. at 71.

Commission as a party to the proceedings. Nothing filed with this Court to initiate the appeal identifies any of the Opposing Residents as parties to the appeal. The docket reflects that a writ was issued and served on former counsel for some of the Opposing Residents; however, that counsel indicated he was no longer representing any of the Opposing Residents for purposes of this appeal. There is no evidence in the record to suggest that Appellant made any further attempt to serve or provide notice of this appeal to the Opposing Residents.

Appellant filed an opening brief in support of its appeal on January 3, 2022. Appellee filed its answering brief on January 24, 2022, and Appellant filed a reply brief on February 15, 2022. I held oral argument on April 1, 2022, at which I directed counsel to file supplemental memoranda on the effect of the failure to name the Opposing Parties on jurisdiction; counsel filed these memoranda on May 2, 2022.

## PROCEDURAL ISSUES

Before I address the substance of the appeal on the merits, I first address whether I lack jurisdiction over this case because of the failure to join the Opposing Residents as parties to the proceedings. Delaware law pertaining to the issuance of an alcohol license provides that:

> [i]f ten or more persons who reside or own property within one mile of
> the premises where the [alcohol] license is to operate or in any

5

incorporated areas located within one mile of the premises where the license is to operate file a protest against the issuance of the license with the Commissioner within thirty days from the filing of the application, then a hearing must be held to consider the application and protest and, specifically, the concerns of the members of the community within which the license is to operate.[4]

As noted above, the Commissioner stated that the Opposing Residents were "parties" to the proceeding. I agree. A "party" is defined as "each person or agency named or admitted in any agency proceeding as a party, or properly seeking and entitled as of right to be admitted as a party to an agency proceeding."[5] A person acting as a "party" at a hearing would be evidenced by the person's actual participation as a member of a group, testifying, cross-examining witnesses, and arguing a position.[6]

Since the Opposing Residents were not named as parties to this appeal, I must decide (1) whether the Opposing Parties are necessary parties;[7] (2) if so, whether Appellant's Notice of Appeal can be amended to include the necessary parties after the time for perfecting an appeal has elapsed;[8] and (3) if joinder is not feasible, whether the unnamed parties are indispensable parties, and the action should be dismissed.[9]

---

[4] 4 *Del. C.* § 541(b).
[5] 29 *Del. C.* § 10102(g).
[6] *Newsome v. Delaware Alcoholic Beverage Control Comm.*, 1993 WL 258712 at *2 (Del. Super. July 1, 1993).
[7] Super. Ct. Civ. R. 19(a).
[8] *Id.*
[9] Super. Ct. Civ. R. 19(b). See *Trone v. Delaware Alc. Bev. Control Comm'n*, 2000 WL 33113799 at *4 (Del. Super. Dec. 28, 2000).

**Necessary Parties**

Under this Court's Civil Rules, a party shall be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect that interest.[10]

"It is well settled that all parties to an appeal who would be directly affected by an appellate ruling should be made parties to the review proceeding. . . . The rule is 'a fundamental question of jurisdiction, which cannot be waived by the parties or disregarded by the appellate court, and the latter has no power to hear and determine a case unless all the parties directly affected by the judgment . . . are brought before it.'"[11]

In my view, the Opposing Residents, who filed protests and/or participated in the Commissioner's hearing below, have an interest in the subject of this action. As stated above, they were specifically identified as "parties" in the Commissioner's decision. If the decision of the Commissioner as affirmed by the Appeals Commission is reversed, the variance could be granted and alcohol could be served on the patio, which was opposed by the Opposing Residents. Clearly the Opposing

---

[10] Super. Ct. Civ. R. 19(a).

[11] *Schlosser & Dennis, LLC v. City of Newark Bd. of Adjustment*, 2016 WL 2766119, at *4 (Del. Super. May 9, 2016) (citing *Covey v. Bd. of Adjustment of Sussex Cnty.*, 2002 WL 970469, at *2 (Del. Super. May 7, 2002)).

Residents have an interest in the subject of the action as parties to the agency proceeding and neighbors of the proposed variance.[12] In my view, the absence of the Opposing Residents from the action also impairs their ability to protect their interests.[13]

Appellant points out that the Commissioner's notice to the Appeals Commission did not name the Opposing Residents, and that the Appeals Commission served only Appellant's counsel and former counsel for the Opposing Residents, and not the Opposing Residents themselves.[14] Since the Commissioner and the Appeals Commission "controlled" the appellate process, argues Appellant, it should not be penalized for the failure of the Commissioner and the Appeals Commission to name the Opposing Residents. I agree that all parties are responsible for this failure, but this does not absolve Appellant or remove the jurisdictional defect discussed herein.

---

[12] See *Trone*, 2000 WL 33113799 at *4; *Newsome v. Del. Alc. Bev. Comm'n*, 1993 WL 258712 at *2 (Del. Super. July 1, 1993).

[13] See *Trone*, 2000 WL 33113799 at **4-6 (holding that the Appeals Commission may not adequately protect the unnamed parties' interests even when the same end is pursued, because the unnamed party had more at stake); *Hackett v. Board of Adjustment of City of Rehoboth Beach*, 794 A.2d 596, 598 (Del. 2002) (holding that while the Board was a nominal party to the appeal, as the tribunal it has no "interest" in the outcome of judicial review).

[14] Former counsel for the Opposing Residents had ceased representing some of the Opposing Residents and had never represented all the Opposing Residents. Thus, as in *Hackett*, there is no basis in the record to impute an ongoing attorney-client relationship, nor would such a relationship alone create an agency relationship supporting constructive notice.

**Joinder**

Having decided that the Opposing Residents are necessary parties, I next turn to whether Appellant's Notice of Appeal can be amended to include the necessary parties after the prescribed time for perfecting the appeal has elapsed. The statute of limitations expired thirty days after the Appeals Commission decision was mailed on October 5, 2021.[15] The question, therefore, is whether added claims against the Opposing Residents "relate back" to the original pleading, such that the notice of appeal can be amended to include them.[16] An amendment to a pleading filed after the running of the statute of limitations relates back to the original filing date when the party brought in by the amendment has received notice and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[17] As a general rule, appellate courts in Delaware should "decide the substantive merits of appeals whenever possible."[18] However, this general rule does not apply to administrative appeals to this Court, because such application "would supersede the analysis otherwise required by Superior Court Civil Rules 15 and 19."[19]

---

[15] A105.
[16] Super. Ct. Civ. R. 15(c).
[17] Super. Ct. Civ. R. 15(c)(3).
[18] *Sussex Med. Investors, L.P. v. Delaware Health Res. Bd.*, 1997 WL 524056 (Del. Super. Apr. 8, 1997) (citing *State Pers. Comm'n v. Howard*, 420 A.2d 135, 137 (Del. 1980)).
[19] *Sussex Medical*, 1997 WL 524056 at *3.

Delaware law also strictly construes the term "mistake:"

> "[A] mistake occurs when the petitioner makes a true mistake as to the identity or name of the proper party as opposed to where the plaintiff merely chose the wrong party to sue. That is, '[Delaware] courts generally decline to find a mistake when the plaintiff cannot demonstrate an intent to include the unnamed party before the limitations period expired but will find a mistake if the plaintiff intended to sue certain parties but was misled as to the identity of those parties.'" [20]

This Court "held, and the Supreme Court affirmed, that the petitioners did not make a mistake as to the identity of the proper party because [that party] participated in the hearing below, was known to the appellants, 'and the identity of the proper party was not difficult to ascertain.'"[21] The Court laid out the three-prong test to determine whether claims against unnamed defendants can "relate back" to the date of the filing of the original pleading: (1) the claim asserted in the amended pleading must arise out of the same conduct or occurrence set forth in the original pleading; (2) the party to be added by the amendment must receive notice of the action within the required statutory period; and (3) within the same statutory period, the party to be added to the action knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party

---

[20] *Difebo v. Bd. of Adjustment of New Castle Cty.*, 132 A.3d 1154, 1158 (Del. 2016) (citing *CCS Inv'rs, LLC v. Brown*, 977 A.2d 301, 313 (Del. 2009)).

[21] *Brown v. City of Wilmington*, 2007 WL 1828261 at *8 (Del. Super. June 25, 2007).

sought to be added to the pleading.[22] In this case, the first prong of the test is satisfied because the amendment would involve the same conduct or occurrence set forth in the original appeal. Appellant does not satisfy the second prong of the test, because there is no evidence that the Opposing Residents received notice of the action within the required statutory period, aside from service on the former counsel of some of the Opposing Residents. Even as to those residents, who were at one time represented by counsel, such notice is insufficient.[23] Appellant does not satisfy the third prong of the test because there is no evidence that the Opposing Parties "knew or should have known" of the appeal "but for a mistake concerning the identity of the proper party."[24] Appellant "did not make a mistake as to the identity of the proper party because [that party] participated in the hearing below, was known to the appellants, 'and the identity of the proper party was not difficult to ascertain.'"[25] Appellant has not demonstrated an intent to include the unnamed party before the limitations period expired.[26]

---

[22] *Id.*

[23] *Id.* at *10 (noting that an appellant may not assume that an ongoing attorney-client relationship exists at the close of an administrative proceeding).

[24] *Id.* at *8.

[25] *Id.*

[26]*Id.* at *12-14 (citing *Trone*, 2000 WL 33113799 at *4, aff'd, *Trone v. Delaware Alcoholic Beverage Control Comm'n*, 757 A.2d 1278 (Del. 2000); *Johnson v. Paul's Plastering, Inc.*, 1999 WL 744427, at *2 (Del. Super. July 30, 1999); *Mancari v. A.C. & S., Inc.*, C.A. No. 82C-JL-80, Poppiti, J. (Del. Super. Nov. 1, 1985) (not available on-line); *Levine v. New Castle County Vocational-Technical Sch. Dist.*, C.A. No. 81C-AP-14, O'Hara, J., at 506 (Del. Super. July 20, 1983) (not available on-line)).

In my view, this is not a case of "mistake." The Opposing Residents were identified as parties by name and known to Appellant, yet Appellant cannot demonstrate that it attempted or intended to provide them with notice of this matter. Thus, Appellant's claims against the Opposing Residents cannot "relate back" to the date of the filing of the original pleading. Therefore, even if the Opposing Residents were joined to the original pleading, the claims against them would not have been filed within the prescribed statute of limitations.

## Indispensable Parties

Since joinder is not feasible here, I must determine whether the Opposing Residents are indispensable parties.[27] If a party is necessary for a just adjudication, I must dismiss the action for failure to join an indispensable party if that party cannot be joined.[28] The four factors for determination of whether a party is "indispensable" are: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an

---

[27] Super. Ct. Civ. R. 19(b).

[28] *Brown*, 2007 WL 1828261 at *3. See also *Hackett*, 794 A.2d at 598 (Del. 2002) (holding that the property owner was an indispensable party to the appeal under Rule 15(b) and creates a "non-amenable defect").

adequate remedy if the action is dismissed for nonjoinder.[29] Under these factors, I find that the Opposing Residents are indispensable parties.

First, a decision granting the previously denied variance would prejudice the Opposing Residents. Appellant argues that the Opposing Residents' arguments have already been made on appeal. However, although the Appeals Commission is seeking the same result as the Opposing Residents in this case, their interests are distinct.[30] Second, there are no measures which can lessen the prejudice to the Opposing Residents. To the extent any of them had constructive notice of this appeal (there is no evidence of such constructive notice in the record), any potential for them to intervene in the appeal does not control the determination of whether they are indispensable.[31] If, as advocated by Appellant, Appeals Commission's decision below was reversed, the variance would be granted to Appellant and the Opposing Residents would have no further recourse. "There is no middle ground to lessen the blow."[32] The alternatives proffered by Appellant (monitoring of the hotel's

---

[29] Super. Ct. Civ. R. 19(b).

[30] See *Trone*, 2007 WL 1828261 at * 6 (holding that the Appeals Commission may not adequately protect the unnamed parties' interests even when the same end is pursued, because the unnamed parties had more at stake); See also *Hackett*, 794 A.2d at 599 (holding that while the Board was a nominal party to the appeal, as the tribunal it has no "interest" in the outcome of judicial review).

[31] See *Sussex Medical*, 1997 WL 524056 at *11 (holding that the successful applicants did not have a duty to intervene to protect their interests); *Trone,* 2007 WL 1828261 at *7 (holding that the prejudice to the unnamed party in an appeal of a decision by the Alcoholic Beverage Control Commission "could not be lessened or avoided.").

[32] *Trone,* 2007 WL 1828261 at *7.

operation of the wet bar, limiting hours of operations) are not realistic. Third, a judgment rendered in the Opposing Residents' absence would be inadequate. The Opposing Residents, who would be directly affected by a judgment on the merits of this appeal, must be included in the appeal for the judgment to be adequate.[33] Fourth, I must consider whether Appellant would have an adequate remedy if the action were dismissed for nonjoinder. Appellant can reapply for a variance at any time. Appellant stated at oral argument that the Commissioner had specifically suggested that Appellant do so. Appellant can appeal to the Delaware Supreme Court. Even if there were no adequate remedy for Appellant, any equitable considerations in conjunction with this factor are not sufficient to change the outcome. This Court has considered this issue and dismissed the action for failure to join an indispensable party, despite the lack of remedies for the appellant.[34] Although Appellant "may well not have an alternative forum" if the appeal is dismissed, "such dismissal . . . will not offend equity and good conscience because nothing prevented [appellant] from naming the [proper parties] in the first instance."[35]

## SUBSTANTIVE ISSUES

Even if I were to disregard the jurisdictional defect and consider this appeal

---

[33] *Id.* (citing *Sussex Medical*, 1997 WL 524056 at *11).
[34] *Id.* at *7; *Sussex Medical,* 1997 WL 524056 at **11-12.
[35] *Sussex Medical,* 1997 WL 524056 at *12.

on the merits, I would still deny it, for the reasons discussed below.

## Standard of Review

My review of a decision by the Appeals Commission, in the absence of fraud, shall be limited to "whether the agency's decision is supported by substantial evidence on the record and is free from legal error."[36] "The Superior Court's review shall take into account the experience and specialized competence of the agency and the purpose under which the agency acted."[37] "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[38] It is greater than a scintilla but less than a preponderance of the evidence.[39] As such, "[i]t is a low standard to affirm and a high standard to overturn."[40] I do not weigh the evidence, resolve questions of credibility, or make my own factual findings. I simply determine whether the evidence is legally adequate to support the agency's factual findings.[41] "[I]f the Board's findings and conclusions are found to be based upon substantial evidence and there is no error of law, the Board's decision must be affirmed."[42]

---

[36] 4 *Del. C.* § 541(d) (referencing the Administrative Procedures Act, Title 29, Chapter 101).
[37] *Id.*
[38] *Delaware Alcoholic Beverage Control Comm'n v. Newsome*, 690 A.2d 906, 910 (Del. 1996) (citations omitted).
[39] *Id.*
[40] *Rooney v. Del. Bd. of Chiropractic*, 2011 WL 2088111, at *3 (Del. Super. Apr. 27, 2011).
[41] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[42] *Sokoloff v. Bd. of Med. Practice*, 2010 WL 5550692, at *5 (Del. Super. Aug. 25, 2010) (emphasis supplied).

## Substantial Evidence and Good Cause

In applying this standard, Appellant argues that it established substantial evidence supporting good cause for the variances as an "integral amenity." Appellant contends that both the Commissioner and the Appeals Commission ignored evidence presented by Appellant that a luxury hotel of this caliber, which is part of the Hilton Hotels' Tapestry Hotel brand, requires the variances as an essential part of its amenities, and that potential guests of this type of hotel insist on such amenities. However, the applicable regulations provide that a patio shall have no external speakers, audible paging system, or wet bar absent a variance shown for good cause: "The Commissioner may authorize variances for good cause shown to the inspection standards for individual patio requests."[43] In this case, the Commissioner found, and the Appeals Commission affirmed, that good cause was not shown for patio variances for the patio given the objections of the Opposing Residents. Although Appellant asserted that the patio area would be accessible only to hotel guests, the café is accessible directly from the outside of the hotel without passing through the lobby. There is no door from the outside, just open steps to the café. The bar at the café would be open to the general public. The Opposing Residents testified that they were opposed to the Commissioner granting a variance

---

[43] 4 *Del. Admin. C*. § 704 (6.0, 7.0).

for the café because it would disrupt the family-oriented nature of the town. Substantial evidence supports the Commissioner's finding that good cause was not demonstrated for granting a variance for the café area, permitting external speakers, a wet bar, and live entertainment on the outdoor patio given the objections of the Opposing Residents. Furthermore, the regulations provide that the Commissioner "may" grant variances for good cause, which means the grant is discretionary.[44] Thus, even if I might find that good cause was shown for a variance, the Commissioner retains discretion as to whether to grant the variance, and I will not substitute my judgment for that of the Commissioner.

## CONCLUSION

For the reasons stated above, this appeal must be dismissed because of the inability to join indispensable parties. Even were I to consider the merits of the appeal, the record contains substantial evidence to support the decision of the Commissioner and the Appeals Commission, and Appellant has not demonstrated any error of law. Therefore, I **DENY** Appellant's appeal from the decision of the Appeals Commission. This appeal is **DISMISSED**.

---

[44] *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005).

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz

cc:    Prothonotary